Cornell D. JONES *v*. STATE of Arkansas

CR 03-1185                                144 S.W.3d 254

Supreme Court of Arkansas
Opinion delivered January 29, 2004

*William H. Craig*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. ■ On August 20, 2002, the Sebastian County Circuit Court entered an order revoking Appellant Cornell D. Jones's suspended sentences based on the court's finding that he constructively possessed marijuana with the intent to deliver. The marijuana was found in a car in which Appellant was a passenger. He appealed the revocation to the Arkansas Court of Appeals, which reversed the judgment on the ground that there was insufficient evidence. See Jones v. State, 83 Ark. App. 186, 119 S.W.3d 48 (2003). We granted the State's petition for review of this decision, pursuant to Ark. Sup. Ct. R. 2-4. When we grant review following a decision by the court of appeals, we review the case as though it had been originally filed with this court. See Zangerl v. State, 352 Ark. 278, 100 S.W.3d 695 (2003); Ilo v. State, 350 Ark. 138, 85 S.W.3d 542 (2002). We affirm the judgment of revocation.

■ We note at the outset our well-settled law regarding revocation of probation or suspended sentence. To revoke probation or a suspended sentence, the burden is on the State to prove the violation of a condition of the probation or suspended sentence by a preponderance of the evidence. Ark. Code Ann. § 5-4-309(d) (Supp. 2003). See also Williams v. State, 351 Ark. 229, 91 S.W.3d 68 (2002); Bradley v. State, 347 Ark. 518, 65 S.W.3d 874 (2002). On appellate review, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. Id. Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation or suspended sentence. Id. Thus, the burden on the State is not as great in a revocation hearing. Id. Furthermore, because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the trial judge's superior position. Id.

In the present case, the prosecuting attorney filed a petition to revoke Appellant's suspended sentences on two grounds: (1) Appellant committed the offense of possession of marijuana with intent to deliver; and (2) Appellant failed to provide proof of enrollment or completion of a GED. The latter ground was not pursued during the revocation hearing. As for the first ground, the prosecutor presented proof that Appellant had been a passenger in a car driven by Marcus Medlock, in which police discovered a sizeable amount of marijuana, packaged in four individual sandwich bags. The marijuana had been discovered during a consent

search, following an officer's observation of a hand-to-hand transaction between the Medlock car and another car and the officer's subsequent detection of an odor of burnt marijuana coming from the car. No marijuana or other contraband was found on Appellant's person.

This court has consistently held that possession of contraband may be proved by constructive possession, which is the control or right to control the contraband; thus, it is not necessary for the State to prove actual physical possession of the contraband. *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002); *Bradley*, 347 Ark. 518, 65 S.W.3d 874. To prove constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband. *Polk*, 348 Ark. 446, 73 S.W.3d 609. However, possession may be implied when the contraband is found in a place that is immediately and exclusively accessible to the accused and subject to his dominion and control. *Id.*; *Bradley*, 347 Ark. 518, 65 S.W.3d 874. Similarly, constructive possession may be implied when the contraband is in the joint control of the accused and another; however, joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. *Id.* There must be some additional factor to link the accused with the controlled substance. *Walley v. State*, 353 Ark. 586, 112 S.W.3d 349 (2003); *Ravellette v. State*, 264 Ark. 344, 571 S.W.2d 433 (1978). In other words, there must be some evidence that the accused had knowledge of the presence of the contraband in the vehicle. *Cerda v. State*, 303 Ark. 241, 795 S.W.2d 358 (1990); *Ravellette*, 264 Ark. 344, 571 S.W.2d 433.

In the present case, the prosecutor presented one witness, Officer Greg Napier of the Fort Smith Police Department. He testified that on May 10, 2002, around midnight, he was patrolling an area of town that was a high-crime area, known for the trafficking of drugs and prostitution. He observed two cars stopped in the middle of the road, facing opposite directions, with the driver's side of each car situated next to the other. One of the cars was a green Ford Contour. As he was watching the cars, the officer observed a third car approach the two parked in the roadway. The two vehicles did not yield to the third car, so it drove around them. He also observed something being handed between the two cars, which appeared to him to be a possible drug transaction. Specifically, he stated that it looked like someone in the Contour handed something across to a person in the other car.

At that point, the officer pulled up behind the Contour. When he did so, the other car drove off. He then turned on his blue lights, got out of his patrol car, and approached the Contour. As he approached, he noticed that the windows were down and he smelled what he thought was the odor of burnt marijuana coming from inside the car. He stated that he was familiar with the odor of marijuana, both burnt and unburnt, and that the odor he smelled was of burnt marijuana. However, he described the odor as being somewhat masked by the strong odor of air freshener. He stated that the air freshener was "kind of messing with" his sinuses and, thus, causing him to doubt himself, but that he was "pretty confident" that what he smelled was marijuana.

Officer Napier asked the vehicle's two occupants, Medlock and Appellant, to step out of the car. He then obtained from Medlock consent to search the car for contraband. During the search, the officer discovered four sandwich bags containing marijuana in an ashtray located in the console between the driver's and passenger's seats. He described the ashtray as being on the back of the console, for persons in the back seat to use. He stated, however, that a person sitting in either front seat could simply turn and reach the contents of this ashtray. Napier also stated that the bags of marijuana contained equal portions and were neatly rolled up, which, based on his training and experience, is how the drug is sold. Napier did not find any other contraband. Both Medlock and Appellant denied knowing that the marijuana was in the car.

Appellant presented testimony from Medlock's girlfriend, Kristi Johnson, and his mother, Marian Medlock. Johnson did not testify in person; rather, Appellant presented her testimony from Medlock's revocation hearing.[1] She testified that the car was hers and that the marijuana was hers. She stated that she had purchased the marijuana an hour or half-hour prior to Medlock being stopped. She described the marijuana as being in two or three bags. When asked for details about the purchase, Johnson stated that she did not know whom she had bought it from, where the purchase occurred, or how much she paid for it. She stated, however, that she had not smoked any of the marijuana that night.

---

[1] As a result of her testimony at Medlock's revocation hearing, Johnson was arrested for possession of the marijuana. She invoked her Fifth Amendment right not to incriminate herself at Appellant's hearing.

Mrs. Medlock testified that she had been in the other car that Officer Napier had observed, although she disputed that the cars were stopped next to each other in the middle of the road. She said that she had borrowed three dollars from her son that night for a pack of cigarettes. She explained that she had stopped her son and Appellant coming out of a parking lot. She then got out of the car she was riding in, got the money from her son, and got back into the car and drove away. She opined that this was the hand-to-hand transaction that Officer Napier had observed. On rebuttal, Napier disputed Mrs. Medlock's version of events, stating that while he was observing the two cars, no one ever got out of either one.

At the conclusion of the hearing, the trial judge made the following findings. First, he found that Kristi Johnson's testimony was not credible. He found that the timing of her confession, *i.e.*, at her boyfriend's revocation hearing, was suspect. He also questioned her motivation, finding that her testimony was given in order to try and absorb blame for Medlock and Appellant. He found further that Johnson's lack of specific details about the drug transaction was of concern, particularly that she did not testify to the correct number of bags of marijuana that she allegedly purchased.

The trial judge also found that Appellant's claimed lack of knowledge was not credible based on the officer's smelling the odor of burnt marijuana. The trial judge specifically stated that he believed the officer's testimony that he smelled marijuana:

> I believe that he thinks that it was masked, they attempted to mask it by some type of spray, but that he still believed that there was the odor of marijuana. I think if it's enough to put the officer on notice, it's enough to put Mr. Jones on notice.

The trial judge stated further that he believed that marijuana was being smoked in the car. Based on these findings, the trial judge found that the marijuana was in the constructive possession of Appellant and that he, therefore, violated the terms and conditions of his suspended sentences.

We cannot say that the trial court's findings are clearly against the preponderance of the evidence. The evidence showed that Appellant was a passenger in a car situated in the middle of the road at around midnight in a high-crime area known for the trafficking of drugs and prostitution. Two people were in the car,

Appellant and Medlock. Officer Napier observed someone in that car hand something to a person in another car, which was stopped alongside the Medlock car. Thereafter, Napier proceeded to conduct a traffic stop of the Medlock car. As he approached the vehicle, he noticed that the windows of the car were down, and he smelled an odor of burnt marijuana masked by a strong odor of air freshener. Based on the strong odor of air freshener, Napier opted to obtain consent to search the car. His search revealed four bags of marijuana, which appeared to be packaged for sale, in an area that was easily accessible by Appellant.

We reject Appellant's assertion that the evidence is insufficient because Officer Napier was not one hundred percent certain that the masked odor was actually burnt marijuana. Appellant's argument on this point goes to the weight and credibility of Napier's testimony. This court has repeatedly stated that it does not attempt to weigh the evidence or assess the credibility of the witnesses, as that determination lies within the province of the trier of fact. *See, e.g., Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002); *Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000); *Williams v. State*, 338 Ark. 178, 992 S.W.2d 89 (1999); *Harris v. State*, 331 Ark. 353, 961 S.W.2d 737 (1998). We are thus bound by the trier of fact's determination on the credibility of witnesses. *Strom*, 348 Ark. 610, 74 S.W.3d 233; *Harmon*, 340 Ark. 18, 8 S.W.3d 472. Likewise, this court has long held that the trier of fact is free to believe all or part of a witness's testimony. *Id.*

The record in this case reflects that Officer Napier candidly stated that he could not be one hundred percent sure that the odor he smelled was burnt marijuana. However, he stated that although the air freshener was strong and was bothering his sinuses, he was "pretty confident that it was marijuana." The trial judge obviously found the officer's testimony to be credible evidence of the presence of the odor of burnt marijuana, and he rejected Appellant's theory that the officer was unsure of what he smelled. The trial judge apparently concluded that there is a difference between being unsure and being less than one hundred percent sure. In any event, the trial judge was the trier of fact in this case, and we are bound by his determination of the weight and credibility of Napier's testimony.

■     We likewise reject Appellant's contention that the officer's testimony is not credible because he did not find any evidence of air freshener, such as a spray container, during the search. The record does not support this contention. Indeed, our review of the record reveals that the officer was never asked about whether he found a can of air freshener in the car. The part of the record that Appellant references to support his contention reveals only that the officer was asked whether there was any burnt marijuana cigarettes found in the ashtray. The officer responded that he did not find any burnt marijuana cigarettes. He then stated that there may have been some marijuana seeds in the car, but nothing of a usable amount. Accordingly, this contention is not factually sound.

■     Finally, we reiterate that the State's burden of proof in a revocation proceeding is less than that required to convict at a criminal trial. Thus, evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation or suspended sentence. It is this lesser burden of proof that distinguishes this case from those that were relied on by the court of appeals in reversing Appellant's revocation. See Kastl v. State, 303 Ark. 358, 796 S.W.2d 848 (1990) (reversing conviction of minor in possession of alcohol where only evidence connecting the appellant to the alcohol were the beer found in the immediate proximity of the appellant in the vehicle, empty beer cans beside the vehicle, and the smell of beer on the appellant's person); Miller v. State, 68 Ark. App. 332, 6 S.W.3d 812 (1999) (affirming a conviction for constructive possession of marijuana where there was a strong odor of marijuana coming from the vehicle in which the appellant was a passenger and where the driver of the vehicle told police that all the passengers knew that there was marijuana inside the vehicle). Accordingly, we affirm the trial court's judgment of revocation based on a preponderance of the evidence.

Circuit court affirmed; court of appeals reversed.