Raye Lynn HARRISON  *v.*  STATE of Arkansas

CR 07-109                                                           268 S.W.3d 324

Supreme Court of Arkansas

Opinion delivered November 15, 2007

[Rehearing denied January 10, 2008.]

Smith & Moore, PLC, by: Kara Bideler Moore, for appellant.

Dustin McDaniel, Att'y Gen., by: David R. Raupp, Sr. Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice. Raye Lynn Harrison appeals the denial of her petition for postconviction relief filed under Ark. R. Crim. P. 37. Harrison's conviction and sentence were affirmed by the court of appeals in an unpublished opinion. *Harrison v. State*, CACR 03-111 (Ark. App. Mar. 3, 2004). In *Harrison v. State*, 360 Ark. 597, 203 S.W.3d 122 (2005), this court granted a motion for rule on the clerk for failure to timely file the record in the appeal from the June 15, 2004, order denying her petition for relief under Rule 37. In an unpublished opinion in *Harrison v. State*, CR05-64 (Ark. Feb. 23, 2006), this court remanded the case for written findings of fact and conclusions of law. Harrison now appeals from the circuit court's order denying Rule 37 relief on remand.

On January 23, 2002, Arkansas State Trooper Jason Aaron stopped Harrison and Sondra Vaughn on Interstate 40 in Crawford County for cutting in and out of traffic, making unsafe lane changes, and following a tractor trailer too closely. Aaron approached the vehicle and asked for Harrison's driver's license, registration, and insurance certificate. Harrison produced her driver's license and a rental agreement. The rental agreement revealed that the car was rented in California by Connie Jones, was to be operated in California only, and was due back to the rental office the day before on January 22, 2002, and was only to be operated by Jones who was not in the car. Further, the agreement showed that payment for the rental was in cash. Additionally, the manufacturer-supplied jack and associated tools were out of their factory packing and visible on the floor of the car.

Aaron completed his traffic stop by returning Harrison's driver's license and the rental agreement and issuing a warning. However, Aaron did not release Harrison, instead stating, "I'm concerned. I'd like to ask you a couple more questions." After noting to Harrison that the person who rented the car was not present and that no other driver was permitted, he asked if Harrison and Vaughn had "marijuana, cocaine, meth, anything like that?" Harrison responded "no," and Aaron asked for consent

to search. While Harrison and Vaughn argue that consent was not granted, the video tape and consent form indicate that consent was given. In addition, in their motion to suppress filed prior to trial, they indicated consent was given. Approximately 16.7 pounds of cocaine were discovered in packages placed between the spare tire and the car body where the spare tire was stowed beneath the car. Harrison and Vaughn were tried together on charges of possession with intent to deliver. Vaughn was acquitted. Harrison was convicted and sentenced to forty years. The court of appeals affirmed.

Upon remand of the Rule 37 petition, the circuit court ruled (1) that Harrison suffered no prejudice from her counsel's decision not to seek severance, (2) that Harrison suffered no prejudice from her counsel's decisions and actions taken on the motion to suppress, (3) that Harrison suffered no prejudice as a result of her counsel's failure to give the required notice to compel the attendance and testimony of the state's chemist, and (4) that sufficient evidence was presented at trial and any motion challenging the sufficiency of the evidence would have been properly denied.

In an appeal from a trial court's denial of a Rule 37 petition, the question presented to this court is whether, based on the totality of the evidence, the trial court clearly erred in holding that counsel's performance was ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Jackson v. State*, 352 Ark. 359, 105 S.W.3d 352 (2003). The petitioner must show first that counsel's performance was deficient. *Id.* This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Id.* A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Id.*

Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The lan-

guage, "the outcome of the trial," refers not only to the finding of guilt or innocence, but to possible prejudice in the sentencing. *Id.* In making a determination of ineffective assistance of counsel, the totality of the evidence must be considered. *Id.* Furthermore, trial strategy is not a basis for postconviction relief. *Id.*

### *Severance*

In her Rule 37 petition, Harrison argued that her trial counsel "should have asked the court to grant a severance seeing the lack of evidence and also so that I could achieve a fair determination of my innocence." She argues that she and Vaughn should have been tried separately. Harrison argued in her petition that because she and Vaughn had the same attorney, representing them in the same court, on the same criminal episode, Vaughn should not have obtained an acquittal and she a conviction. The circuit court concluded that there were no statements made during trial where one of the defendants blamed the other for the crime, and that the defense of both was that neither knew of the drugs in the car. Harrison argues on appeal that there is an obvious danger in representing co-defendants because of conflicts that could arise. Indeed, joint representation is inherently suspect. *Townsend v. State*, 350 Ark. 129, 85 S.W.3d 526 (2002). However, joint representation is not a per se violation of constitutional guarantees of effective assistance of counsel. *McGahey v. State*, 362 Ark. 513, 210 S.W.3d 49 (2005). Harrison cites us to *Ingle v. State*, 294 Ark. 353, 353-54, 742 S.W.2d 939, 940 (1988), where we also discussed the issue of joint representation:

> It is settled that "[r]equiring or permitting a single attorney to represent codefendants, often referred to as joint representation, is not *per se* violative of constitutional guarantees of effective assistance of counsel." *Holloway v. Arkansas*, 435 U.S. 475, 482 (1978). In many cases, " '[a] common defense gives strength against a common attack.' " *Id.* at 482-83 (quoting *Glasser v. United States*, 315 U.S. 60, 92 (1942) (Frankfurter, J., dissenting)). However, appointing or permitting a single attorney to represent codefendants does create a possible conflict of interest that could prejudice either or both clients. *See Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114, 3120 (1987). The possibility of prejudice does not justify "an inflexible rule that would presume prejudice in all cases." *Id.* Instead, prejudice is presumed " 'only if the defendant demonstrates that counsel "actively represented conflicting interests" and "an actual conflict of interest adversely affected his lawyer's perfor-

mance." ' "  *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 692 (1984) (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 348, 350 (1980) (footnote omitted)).

Harrison notes that Aaron asked and obtained Vaughn's help in trying to catch the persons to whom the drugs were to be delivered, although nothing came of the effort. Aaron further testified that she told him she was told beforehand to say the car was rented by an aunt if she were stopped by police. Aaron further testified at trial that he overheard a cell phone conversation by Vaughn with an unknown person to whom she stated, "Hi, the police stopped us, and they found the drugs."

Harrison asserts that her trial counsel was ineffective for failing to use cross-examination as a means to show that the telephone call connected Vaughn to the drugs but not Harrison. She asserts that trial counsel could not vigorously represent her without prejudicing Vaughn and that the evidence introduced against Vaughn also incriminated Harrison. The issue of a conflict was not decided by the circuit court. The circuit court concluded only that Harrison was not prejudiced by her trial counsel's decision not to seek severance. The failure to obtain a ruling precludes this court from considering the issue. *Thomas v. State,* 370 Ark. 70, 257 S.W.3d 92 (2007).

## Motion to Suppress

On the issue of suppression, we first resolve the question of appellate counsel's failure to include a transcript of the suppression hearing in the record on appeal. Because she fails to show that she would have prevailed on her motion to suppress, the question of whether trial or appellate counsel was ineffective in failing to assure that the transcript from the suppression hearing was included in the record on appeal is moot. We do not address moot issues. *Scott v. State,* 355 Ark. 485, 139 S.W.3d 511 (2003).

As to the issue of suppression, Harrison argues that trial counsel's performance fell below the standard of objective reasonableness when in the suppression hearing he completely abandoned his original argument. She alleges that he ceased arguing that there was a lack of reasonable suspicion to detain Harrison after the traffic stop (making the request to search made during that detention unlawful) and instead argued that there was no probable

cause for the initial traffic stop. She notes that there was no discussion of reasonable suspicion at the suppression hearing. She cites us to *Sims v. State*, 356 Ark. 507, 157 S.W.3d 530 (2004), and argues that she was prejudiced by her trial counsel's ineffective assistance of counsel when he failed to challenge reasonable suspicion justifying the detention.

We again note the facts as Aaron knew them. Harrison and Vaughn flew to California, stayed a very short while, and then returned to Tennessee by car. They were in a rental car. Connie Jones, who rented the car, was not present. The rental agreement provided that the car was to be operated in California, only by Connie Jones, and that it was to be returned to the rental agency the day before the traffic stop. Finally, although the car was nearly new, the manufacturer-provided jack and associated tools were lying on the floor of the car.

■ Detention without arrest may transpire only under certain circumstances as set out in Ark. R. Crim. P. 3.1. *Sims, supra.* "The rule is precise in stating that the reasonable suspicion must be tied to the commission of a felony or misdemeanor involving forcible injury to persons or property." *Sims*, 356 Ark. at 513, 157 S.W.3d at 534. Rule 2.1 of the Arkansas Rules of Criminal Procedure defines "reasonable suspicion" as "a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion." In *Laime v. State*, 347 Ark. 142, 158, 60 S.W.3d 464, 475 (2001), we applied the requirement of reasonable suspicion to the question of whether a detention was lawful:

> The background check first revealed a drug conviction which Laime lied about. The trooper's suspicions were magnified by the couple's ignorance of their destination and the names of their friends as well as Laime's ever-increasing agitation. All of this led to the canine sniff and the positive alert to drugs by the drug dog. We hold that the Fourth Amendment protection afforded Laime and Dodd was not violated in this case, and we affirm the circuit judge on this point.

There are more facts supporting detention in the present case than in *Laime.* Based on the proof offered by Harrison, she would not have prevailed on her motion to suppress even if it had been argued as she

alleges it should have been argued. Thus, we cannot say that the circuit court was clearly erroneous in rejecting this claim.

### The State's Chemist

█ Harrison argues that her trial counsel was ineffective for failing to give the required notice and obtain at trial the presence of the State's chemist for examination. Trial counsel testified at the Rule 37 hearing that he did not give notice to have the chemist present, but that it really did not matter whether or not a chemist was there. Their defense was that they did not know there were drugs or any other substance being transported in the car. Trial counsel considered that what the substance turned out to be was immaterial to their defense because the theory was that Harrison's boyfriend was a drug runner and that he had placed the drugs in the car and was using his girlfriend to get the drugs to Nashville. Harrison testified at trial that she did not know the drugs were in the car. Vaughn also testified that she was unaware of drugs being in the car. Whether the substance found in the car was drugs was not at issue. There would have been no rational basis for giving a jury instruction on whether the substance was drugs when Harrison asserted she had no idea anything was in the car. *See, e.g., Brunson v. State*, 368 Ark. 313, 216 S.W.3d 145 (2006). The circuit court was not clearly erroneous in denying Harrison's claim for Rule 37 relief on this issue.

### Sufficiency of the Evidence

Harrison argues she received ineffective assistance of counsel when her attorney failed to make a specific motion for directed-verdict at the close of the State's case and failed to make a directed-verdict motion at the close of all the evidence. The circuit court found that even had trial counsel made effective directed-verdict motions, they would have been denied. We agree.

█ The drugs were found under a car operated by Harrison and in which Vaughn was a passenger. Vaughn had no valid driver's license. The manufacturer-supplied jack and accompanying tools that come with the purchase of the vehicle were behind the seat on the floor and were not fully repacked after use. This court's opinion in *Malone v. State*, 364 Ark. 256, 261-62, 217 S.W.3d 810, 813 (2005), is controlling:

The question before us is whether there was substantial evidence to show that Malone was in constructive possession of the contraband found in the trunk of the car he was driving. To prove constructive possession, the State must establish that the defendant exercised "care, control, and management over the contraband." *McKenzie*, 362 Ark. at 263, 208 S.W.3d at 175. While we have held that constructive possession may be implied when the contraband is in the joint control of the accused and another, joint occupancy of a car, standing alone, is not sufficient to establish possession. *Jones v. State*, 355 Ark. 630, 634, 144 S.W.3d 254, 256 (2004); *Kilpatrick v. State*, 322 Ark. 728, 912 S.W.2d 917 (1995). There must be some other factor linking the accused to the contraband. *Id.* In other words, there must be some evidence that the accused had knowledge of the presence of the contraband in the vehicle. *Jones, supra.* Other factors to be considered in cases involving vehicles occupied by more than one person are:

> (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile, or exercises dominion and control over it; and (5) whether the accused acted suspiciously before or during the arrest.

*McKenzie, supra* (citing *Mings v. State*, 318 Ark. 201, 884 S.W.2d 596 (1994)).

In this case, in order to prove constructive possession, the State must show more than the fact that Malone occupied a car in which contraband was discovered. As the driver of the car, Malone exercised dominion and control over it and had keys to the trunk; the odor of marijuana in the trunk was strong, supporting an inference that anyone who opened the trunk would know that the trunk contained contraband. There was evidence supporting an inference that the male clothing found in one of the bags in the trunk was too small for Richardson and could reasonably have been found to belong to Malone. Finally, Officer Wilson testified that Malone, the driver of the car, did not know where he was going other than "somewhere in Arkansas," and was nervous and shaking uncontrollably during the traffic stop, even though the stop was for a minor infraction. Viewing the evidence in the light most favorable to the State, as we must, we find that there was sufficient evidence of

Malone's knowledge of and control over the contraband to support his conviction. *See Dodson, supra.*

Given the facts proven in this case and the argument offered by Harrison, we cannot say that the circuit court was clearly erroneous in rejecting this claim for relief under Rule 37.

■ All remaining issues raised by Harrison on appeal were not ruled on by the circuit court and cannot be considered on appeal. The failure to obtain a ruling on an issue at the trial court level, including a constitutional issue, precludes review on appeal, and we must decline to address such an issue. *Thomas, supra.* Harrison does raise other issues on appeal, including an assertion that the circuit court failed to address all the issues she believes were presented in her petition; however, in bringing an appeal, she avails herself of this court's appellate jurisdiction. This means that this court has jurisdiction to review an order or decree of a lower court. *Lewellen v. Supreme Court Comm. on Prof'l Conduct,* 353 Ark. 641, 110 S.W.3d 263 (2003). Under Amendment 80, this court holds general superintending control over all courts of this state; however, the remedy to compel a circuit court to act is not found under this court's appellate jurisdiction. The issue may not be addressed on appeal.

Affirmed.