
# ARKANSAS COURT OF APPEALS

DIVISION III

No. CR-17-1

| | |
|---|---|
| JESSE EMANUEL HARRIS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** September 20, 2017<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCR-13-1167]<br><br>HONORABLE J. MICHAEL FITZHUGH, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

In November 2013, Harris was charged with maintaining premises for drug activities and possession of drug paraphernalia. Pursuant to a plea agreement, Harris pled guilty to possession of drug paraphernalia, and the other charge was nolle prossed. Harris was sentenced to two years' imprisonment with an additional four years' suspended imposition of sentence (SIS). The terms of his SIS included a requirement that he not violate any federal, state, or municipal law, and that he not possess marijuana, narcotics, or any other drug or controlled substance prohibited by the controlled-substance law. In May 2016, the State filed a petition to revoke Harris's SIS, alleging that he had committed the offenses of possession of drug paraphernalia, possession of methamphetamine, and possession of ecstasy, and that these charges were currently pending in the Sebastian County Circuit Court. The circuit court revoked Harris's SIS in an order entered on December 20, 2016, which Harris appeals. We affirm Harris's revocation.

The arguments on appeal are somewhat complicated by the circuit court's procedural decisions in this case. On December 7, 2016, the circuit court was to conduct a hearing on the petition to revoke in this case, CR-2013-1167, and on a motion to suppress that Harris had filed in CR-16-595, the criminal case involving the actions for which the revocation petition had been filed. Because the officer's testimony in the revocation hearing was expected to be the same in both cases, the court made the following decision before the testimony was elicited in the revocation hearing:

| | |
|---|---|
| PROSECUTOR: | He has a motion to suppress and that was set for 3:00. We were hoping to hear both right now. If that is not the case, my Crime Lab witness needs to go back. I don't know if you have any objections to that. |
| DEFENSE ATTORNEY: | Well, I think I need to hear some of the testimony from the officers. |
| COURT: | Is this the case I have for Monday? |
| DEFENSE ATTORNEY: | Yes, sir. |
| COURT: | So, we are having the PTR hearing today and we are having a trial on Monday? |
| DEFENSE ATTORNEY: | Yes, sir. They didn't want to continue anything. |
| COURT: | You filed a motion to suppress. I think I got your response today. |
| PROSECUTOR: | Yes, sir. |
| COURT: | So, how do you want to proceed? Do you want to do them all in the same hearing or tell me what you want to do. |
| DEFENSE ATTORNEY: | I think I need to hear some of the officers' testimony before my motion to suppress. So, when he said you would do them at the same time I thought he meant all at 1:30 instead of making her wait until 3:00. So, if we could do the PTR and then the motion to suppress. |

2

COURT: Let me ask you this. Is the testimony going to be pretty much the same? What I am saying is, is after I hear everything for the PTR, is it agreeable that whatever I hear on the PTR I can then use and right after I rule on the PTR I could rule on the motion to suppress?

DEFENSE ATTORNEY: Yes, sir; that's what I thought you meant.

PROSECUTOR: Yes, sir. We will knock them both out at the same time.

COURT: I hate to have these officers here at 1:30 and then have them sit around for another hour or whatever and then come back and do it at 3:00. So, we will kill two birds with one stone.

At the hearing, Fort Smith Police Officer Cody Elliott testified that on May 10, 2016, he was observing a house where drug dealing was suspected. Someone pulled up to the house in a tan Porsche Cayenne but then quickly pulled away when the driver saw the patrol car. When Officer Elliott "ran the tag," he discovered the car had been stolen, and he pursued it. Officer Elliott lost sight of the vehicle and returned to the house he had been observing; upon his return, he saw Harris and several other people standing outside the house. Officer Elliott testified that he and Harris knew each other and were on a first-name basis.

According to Officer Elliott, he approached the group to see if anyone knew who had been driving the Porsche. As he was talking, he looked down on the ground and saw what he believed to be narcotics, specifically, a bag of methamphetamine and a bag of ecstasy. He said the bags were right beside Harris's feet. As Officer Elliott picked up the bags, Harris said, "Cody, that is mine." Officer Elliott then placed Harris under arrest and took him to headquarters. The crime-lab report indicated that the items seized were

methamphetamine, both in pill form and crystal form. On cross-examination, Officer Elliot confirmed that he did not find any drugs on Harris's person, nor did he observe Harris place the drugs on the ground.

At the conclusion of the hearing, the court made the following rulings:

> On the PTR, it is just a preponderance of the evidence and the Court has no difficulty in finding that the Defendant violated the terms of his release. A judgment of conviction will be entered against him on the charge. He will be sentenced to the Department of Correction for a term of four years' incarceration, which is the balance of what it is, apparently he has in 2013-1167.

> As to the motion to suppress, the Court is going to deny the motion. This gentleman was not in custody, he was just merely being asked about somebody who fled, and he voluntarily made the statement to Cody, That stuff is mine. So, your motion to suppress will be denied.

> We are going to trial on Monday.

We turn first to Harris's argument that the evidence was insufficient to revoke his suspended sentence. He claims that the State failed to prove that he possessed the methamphetamine because he did not live at the house where it was discovered, he was standing in a group of people near the drugs, and no drugs were discovered on his person in a search after his arrest. He argues that nothing ties him physically to the seized plastic bags of narcotics.

To revoke probation or a suspended sentence, the burden is on the State to prove the violation of a condition of the probation or suspended sentence by a preponderance of the evidence. *Jones v. State*, 355 Ark. 630, 144 S.W.3d 254 (2004). On appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id*. Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation or suspended sentence. *Id*.

Thus, the burden on the State is not as great in a revocation hearing. *Id.* Furthermore, because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position. *Id.*

Here, Officer Elliott testified that the package was within "a foot" of Harris's feet. He also said that as he picked up the package, Harris volunteered, "Cody, those are mine." A defendant's confession that he violated a condition of his suspended sentence is sufficient to support revocation. *Freeman v. State*, 2010 Ark. App. 8, at 5 (citing *Selph v. State*, 264 Ark. 197, 570 S.W.2d 256 (1978)). We hold that the court's findings are not clearly against the preponderance of the evidence.

Harris also contends that the circuit court erred in denying his motion to suppress and admitting his statement that the narcotics belonged to him. We do not address this argument because the motion to suppress was not made in this revocation case but in his criminal case, CR-16-595. He admits that his written motion to suppress was filed in the criminal case, not in this revocation, and we note that there is no motion to suppress or response to such a motion in the record on review. The court heard the testimony in the revocation hearing with the parties' agreement that the court would use the testimony to make findings both in the revocation case and on the motion to suppress in the criminal case. The court's ruling very clearly does just that. Harris argues that we can review the issue because there is "a ruling from the trial court on the issue." Harris is mistaken. We cannot review a ruling of the circuit court that was made in a case other than the case on review. Harris's criminal appeal is not before us.


Affirmed.

GLADWIN and KLAPPENBACH, JJ., agree.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *Joseph Karl Luebke*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.