BRANDON J. HARRISON, Judge
Lonnie Hazelwood appeals the revocation of his suspended imposition of sentence (SIS), arguing that the circuit court erred in revoking his SIS because the State presented evidence that was illegally obtained. We affirm.
In July 2013, Hazelwood pled guilty to possession of a controlled substance (methamphetamine) and was sentenced to fifty-four months' imprisonment and sixty months' SIS. The conditions of his SIS included the requirement that he not commit a criminal offense punishable by imprisonment. He was also required to submit to a search of his "person, place of residence, motor vehicle, or other property ... at any time, day or night, with or without a search warrant, whenever requested by any supervising officer or law enforcement officer."
In September 2016, the State petitioned to revoke Hazelwood's SIS, alleging that he had failed to pay fines and costs as directed and that on or about 5 August 2016, he had committed the new offense of possession of a controlled substance (methamphetamine). The circuit court convened a revocation hearing on 11 June 2018. Jonesboro police officer Brian Bailey testified that on 5 August 2016, he was on patrol and observed Hazelwood sitting in a truck in front of his house. Bailey checked his computer and saw that Hazelwood had an outstanding warrant out of Jonesboro and that he was on parole. Bailey approached Hazelwood and told him about the outstanding warrant; Hazelwood responded that he had "already appealed the warrant" but was unable to find paperwork to verify that claim. Bailey contacted dispatch, which confirmed the warrant was valid. Bailey asked Hazelwood to exit the truck, handcuffed him, and searched him. In Hazelwood's front right pocket, Bailey found a cellophane bag containing suspected methamphetamine. Bailey then placed Hazelwood under arrest. Agent Rick Guimond testified as to the lab results on the substance that Bailey found on Hazelwood's person; the lab confirmed it was .2834 grams of methamphetamine.
Hazelwood testified that he had never been served with a warrant out of Jonesboro and that he did not have methamphetamine on his person the day Bailey arrested him. He acknowledged that he was on parole at the time. He also said he had a zero balance on his fines and costs. He claimed that Bailey harassed him; "Every *41 time I would see him he would pull me over."
After the close of evidence, Hazelwood moved to dismiss, asserting that "the warrant was not confirmed before his pat down and search began, and we feel that violates his rights." The circuit court found that Bailey had a right to initiate the stop based on his knowledge of the warrant and that Hazelwood was on parole, "which means that he is subject to search at a different level than someone who's not on parole." The court denied the motion to dismiss, found that Hazelwood had violated the conditions of his SIS by possessing methamphetamine, and sentenced him to six years' imprisonment. Hazelwood now appeals the revocation.[1]
To revoke probation or a suspended sentence, the burden is on the State to prove the violation of a condition of the probation or suspended sentence by a preponderance of the evidence. Jones v. State , 355 Ark. 630, 144 S.W.3d 254 (2004). On appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. Id. Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation or suspended sentence. Id. Thus, the burden on the State is not as great in a revocation hearing. Id. Furthermore, because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position. Id. Finally, only one violation is required to sustain a revocation. Springs v. State , 2017 Ark. App. 364, 525 S.W.3d 490.
Hazelwood argues that the circuit court erred in revoking his SIS because "the State presented evidence that was illegally obtained in violation of [his] right to due process." He asserts that the State did not produce either the Jonesboro warrant or the search waiver on file as part of his SIS, and while he acknowledges that the search waiver requires him to "submit" to a search by any law enforcement officer at any time, he argues he did not "consent to the search, for purposes of any seized items being admissible at any future trial or hearing." Hazelwood contends that Bailey used the warrant and the search waiver as a pretext for "achiev[ing] his primary purpose of revoking Appellant's suspended sentence."
We hold that Hazelwood's contention of an illegal search is unavailing on the basis of the search waiver he signed as part of his SIS. He admits he was subject to search by any officer at any time, and there is no requirement that he also consent to the use of any evidence obtained as a result of such a search.
Affirmed.
Hixson and Brown, JJ., agree.

The State asserts that we lack jurisdiction in this case because Hazelwood has not properly appealed from the sentencing order. The notice of appeal lists the case number for Hazelwood's new possession charge (CR-16-928) instead of the case number for the revocation case (CR-13-526), but it is evident from the content of both the notice of appeal and his argument on appeal that it is the revocation that is being appealed. Because our supreme court requires only substantial compliance with Ark. R. App. P.-Civ. 3(e), see Mann v. Pierce , 2016 Ark. 418, 505 S.W.3d 150, we hold that we have jurisdiction.