Cite as 2021 Ark. App. 351

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR–21–26

| | | |
|---|---|---|
| | | **Opinion Delivered** September 22, 2021 |
| ERIC BENNETT | | APPEAL FROM THE PHILLIPS |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 54CR-17-188] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHALK MITCHELL, |
| | APPELLEE | JUDGE |
| | | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Eric Bennett appeals a Phillips County Circuit Court order revoking his suspended imposition of sentence (SIS). On appeal, Bennett argues that there was insufficient evidence to support the circuit court's revocation decision. We find no error and affirm.

In April 2018, Bennett pled guilty to one count of commercial burglary and was sentenced to five years' SIS. His suspended sentence was subject to certain conditions, including a condition prohibiting the commission of a criminal offense punishable by incarceration. In November 2019, the State filed a petition to revoke Bennett's probation alleging that Bennett had violated the conditions of his SIS; specifically, that he had committed the crime of felony theft by receiving. Bennett contested the allegations, and the circuit court conducted a revocation hearing.

At the hearing, the State presented the following evidence. On September 11, 2019, Bennett was stopped by Sergeant William Bender. Bennett was driving an unregistered

vehicle[1] on an expired driver's license with no proof of insurance. Bennett also had outstanding warrants. Bennett was taken into custody, and the truck he was driving was searched. During the search, Sergeant Bender found numerous jewelry boxes in the back seat of the truck, which Bennett claimed were his.

After Bennett's arrest, Phillips County deputy Chris Hellums became involved. He was aware that a local business had recently reported a burglary and that jewelry boxes and other items had been stolen. Deputy Hellums contacted the business's owner, Stewart Sweeney. Sweeney identified the jewelry boxes as ones stolen from his store, the Emporium. Although he was given the option to reclaim the jewelry boxes, he declined. He did, however, take other items that had been recovered from the break-in.[2] The police did not require that Sweeney provide any proof of ownership.

Bennett's wife, Samantha, also testified. She claimed that she collects jewelry boxes and that the fifteen to twenty boxes found in the truck belonged to her. She stated that she had purchased the items from the Emporium and that they had been in the process of moving when the items were found. She claimed that her mother had the receipts for the jewelry boxes at one time but that she had lost them. Her mother did not testify or otherwise confirm Samantha's version of events. When asked why she did not attempt to reclaim her things from the sheriff's department, Samantha testified that the officers had left her things outside in the rain, so there was no point in recovering them.

_____

[1]The vehicle was owned by Danny Robinson.

[2]Guns, which had also been reported stolen, were later recovered and reclaimed. He also reclaimed some costume jewelry, a couple of humidors, and several other items. It is unclear from the record if any of these other items were found in the truck.

At the conclusion of the hearing, the circuit court found that Bennett had violated the terms and conditions of his SIS. The court then revoked his SIS and sentenced him to ten years in the Arkansas Department of Correction. Bennett filed a timely notice of appeal, arguing that the evidence was insufficient to support revocation.

To revoke a suspended sentence, the State must prove that the defendant violated a condition of the suspended sentence. *Von Holt v. State*, 2017 Ark. App. 314, 524 S.W.3d 19. The State bears the burden of proving a violation by a preponderance of the evidence, but evidence that is insufficient for a criminal conviction may be sufficient for revocation of a suspended sentence. *Daniels v. State*, 2019 Ark. App. 473, at 2, 588 S.W.3d 116, 117. On appeal, we will affirm a circuit court's revocation of a suspended sentence unless the decision is clearly against the preponderance of the evidence. *Id.* Furthermore, because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position. *Hazelwood v. State*, 2019 Ark. App. 270, 577 S.W.3d 39.

A person commits the offense of theft by receiving if he or she receives, retains, or disposes of stolen property of another person, knowing that the property was stolen, or having good reason to believe the property was stolen. Ark. Code Ann. § 5-36-106(a) (Repl. 2013). On appeal, Bennett argues that it is not possible on these facts to conclude that Bennett was in possession of items knowing that they were stolen or having good reason to believe they were stolen.[3] In support of his argument, he points to Samantha's testimony

---

[3]At the revocation hearing, Bennett's counsel also argued that the State failed to properly identify the items believed to have been stolen and claimed that there was

3

that the items were hers and had been purchased from the Emporium and to Sweeney's failure to provide documentation to substantiate his ownership of the items. Additionally, he claims that Samantha's version of the facts explains Sweeney's belief that the items were his because if they were purchased from the store, they would be familiar to him.

Our supreme court and this court, however, have held that variances and discrepancies in the proof go to the weight and credibility of the evidence. *Porter v. State*, 356 Ark. 17, 145 S.W.3d 376 (2004); *Knotts v. State*, 2012 Ark. App. 121. It is the duty of the trier of fact—the circuit court in this instance—to resolve any contradictions, conflicts, and inconsistencies in a witness's testimony and to determine the credibility of the witnesses. *Jones v. State*, 2012 Ark. App. 69, 388 S.W.3d 503. Sweeney testified at the revocation hearing that the jewelry boxes found in the truck driven by Bennett belonged to him. In making its revocation decision, the circuit court clearly found Sweeney's testimony regarding the ownership of the jewelry boxes—and not Samantha's—to be credible. We are not at liberty to disturb that conclusion. *See Ferry v. State*, 2021 Ark. App. 34, 617 S.W.3d 295; *Collins v. State*, 2014 Ark. App. 574, 446 S.W.3d 199. Thus, there was sufficient evidence presented to support the revocation.

Affirmed.

GRUBER and VAUGHT, JJ., agree.

*Don R. Etherly*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.

---

insufficient proof as to the value of the items stolen. He has abandoned those arguments on appeal.