Cite as 2022 Ark. App. 477

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CR-22-288

| | |
|---|---|
| MARVIN HAMPTON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered November 30, 2022<br><br>APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CR-20-12]<br><br>HONORABLE JOHN R. PUTMAN JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Marvin Hampton appeals the Boone County Circuit Court order revoking his probation. On appeal, Hampton argues the State presented insufficient evidence to show that he violated his probation. We affirm.

On June 4, 2021, Hampton pled guilty to possession of marijuana, a misdemeanor, and to possession of methamphetamine and possession of drug paraphernalia, felonies. The court sentenced him to thirty-six months' probation for the felonies and sixty-five days in jail for the misdemeanor.

On August 23, the State petitioned to revoke Hampton's probation, alleging that during a home visit on July 14, Hampton admitted using methamphetamine the night before and had possession of two needles and a glass vial with residue. The State further alleged

that on August 18, Hampton failed to report to his probation officer and that a home visit showed an invalid address.

The case proceeded to a revocation hearing on January 25, 2022. At the hearing, Josiah Smith, an officer at Arkansas Community Correction, testified that on July 14, he conducted a supervisory visit at the residence of Hampton's sister and that he encountered Hampton there. Officer Smith explained that he searched Hampton's bag and found needles inside an eyeglass case and a vial containing residue. He further stated that Hampton admitted using methamphetamine the night before. Officer Smith additionally testified that he conducted a home visit at Hampton's listed address and learned that Hampton did not live at the address.

At the conclusion of the hearing, the court found that Hampton had violated his probation by using methamphetamine. The court sentenced him to two years in the Arkansas Department of Correction with a recommendation of a transfer to Community Correction followed by two years' suspended imposition of sentence and sixty-five days in county jail with credit for time served. Hampton appealed the revocation to this court.

To revoke probation or a suspended sentence, the burden is on the State to prove the violation of a condition of the probation or suspended sentence by a preponderance of the evidence. *Jones v. State*, 355 Ark. 630, 144 S.W.3d 254 (2004). On appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id.* Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation or suspended sentence. *Id.* Thus,

2

the burden on the State is not as great in a revocation hearing. *Id.* Furthermore, because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position. *Id.*

On appeal, Hampton argues that the State presented insufficient evidence that he violated his probation by using methamphetamine because the only evidence the State presented was Officer Smith's testimony concerning his out-of-court admission. He points out that he did not testify at the revocation hearing and that the State did not offer a drug test. He asserts that the corpus delicti rule requires corroborating evidence of a defendant's confession.

Hampton's argument is without merit. The rule of corpus delicti found in Arkansas Code Annotated section 16-89-111(d) (Supp. 2021) provides that a confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied by other proof that the offense was committed. *See May v. State*, 2009 Ark. App. 703. However, our supreme court has ruled that an uncorroborated confession can be sufficient for a revocation. *Selph v. State*, 264 Ark. 197, 570 S.W.2d 256 (1978); *Freeman v. State*, 2010 Ark. App. 8. Thus, because this is a revocation case, the State need not provide corroborating evidence concerning Hampton's admission to Officer Smith. Officer Smith testified that Hampton admitted using methamphetamine, and the circuit court found Officer Smith's testimony credible. Accordingly, the State presented sufficient evidence that Hampton violated his probation, and we affirm the revocation.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Tara Ann Schmutzler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.