Cite as 2024 Ark. App. 416

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-23-669

|  |  |
|---|---|
| CLAUDE MICHAEL MORGAN<br>APPELLANT | **Opinion Delivered** September 11, 2024 |
|  | APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT |
| V. |  |
|  | [NOS. 54CR-18-139 & 54CR-19-58] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE E. DION WILSON, JUDGE |
|  | AFFIRMED |

## RITA W. GRUBER, Judge

Claude Michael Morgan appeals the Phillips County Circuit Court's revocation of his suspended sentences for two Class C felonies. He contends that the evidence was insufficient to support the court's finding that he violated the condition of his suspended sentences that he not commit any felony, misdemeanor, offense, or violation for which he could be confined to jail or prison. We affirm.

Morgan pleaded guilty on April 15, 2021, to failure to comply with sex-offender registration requirements and abuse of a corpse. He was found guilty and was sentenced to ten years' suspended imposition of sentence (SIS) for failure to comply and four years' imprisonment plus six years' SIS for abuse of a corpse. The State filed a revocation petition on March 16, 2023, alleging that Morgan had committed five new offenses, thus violating the condition that he not commit any felony, misdemeanor, offense, or violation for which

he could be confined to jail or prison. The petition stated that the charges had been filed and were pending in circuit court.

The circuit court conducted an April 19, 2023 revocation hearing and found by a preponderance of the evidence that Morgan had committed three of the five crimes the State alleged as the basis for revocation. On appeal, Morgan challenges the sufficiency of the evidence to support all five crimes. We address his arguments regarding only the three crimes that the circuit court found he had committed: theft of property, a misdemeanor; Class C felony altering or changing engine or other numbers; and Class D fleeing.[1] In orders entered April 25, 2023, the court sentenced Morgan to ten years in the Arkansas Division of Correction. He has timely appealed that decision.

Evidence that is insufficient for a criminal conviction may be sufficient for revocation of a suspended sentence. *Joyce v. State*, 2024 Ark. App. 186, at 2. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless its findings are clearly against the preponderance of the evidence. *Tilley v. State*, 2024 Ark. App. 19, at 3, 683 S.W.3d 200, 201. Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given

---

[1]In his appeal, Morgan challenges the sufficiency of the evidence that supported these crimes plus criminal mischief and breaking or entering. However, the circuit court stated from the bench that it found "insufficient proof of criminal mischief involving damage done in the trailer." It found sufficient proof only that Morgan took estate property that had been "identified in testimony . . . he did not have permission to take: specifically, wiring that was left outside of the residence that he was not given permission to take by any of the heirs or the administrator of the estate."

testimony, we defer to the circuit court's superior position to decide these matters. *Trammell v. State*, 2024 Ark. App. 250, at 6, 687 S.W.3d 877, 880. The State need only prove only one violation of probation to sustain a revocation. *Id.*

Under these standards, we review the evidence presented by the State at Morgan's revocation hearing. The evidence included testimony by lay witnesses as well as Deputy Jeremy Bramlett and Deputy Cameron Hogan of the Phillips County Sheriff's Department.

If a person knows that his immediate arrest or detention is being attempted by a duly authorized law enforcement officer, it is the lawful duty of the person to refrain from fleeing, either on foot or by means of any vehicle or conveyance. Ark. Code. Ann. § 5-54-125(a) (Repl. 2016). Deputy Bramlett testified to the following events of January 14, 2023. Bramlett was patrolling the area of Highway 49 when he noticed Morgan—whom he knew from previous incidents—in the driver's seat of a white Chevrolet pickup in a parking lot. The truck entered the highway, and Bramlett ran a license-plate check, which "[came] back fictitious, a black Chevrolet truck." Bramlett had information from other officers that Morgan had been known to repaint his truck. Bramlett activated his blue lights and siren, but Morgan accelerated, made a left turn at PC 231 Road, continued to Road 216, and turned left at 218—accelerating to speeds going over one hundred miles an hour and failing to stop. The chase continued over gravel roads, across fields, and through people's yards. Morgan's vehicle got stuck in mud, and he was unable to follow the pickup. Other deputies and a constable had joined the chase by then. The truck was found abandoned and without a driver.

Morgan argues on appeal that Deputy Bramlett's identification of him as the driver of the truck "significantly lacks credibility." The circuit court's written order of revocation, however, credits Deputy Bramlett's testimony and refers to his "positively identifying" Morgan as the driver. We are not at liberty to disturb this conclusion on appeal. *See Bennett v. State*, 2021 Ark. App. 351, at 4, 634 S.W.3d 581, 583 (crediting one witness's testimony over another); *Garner v. State*, 355 Ark. 82, 92–93, 131 S.W.3d 734, 740 (2003) (one eyewitness's testimony is sufficient to sustain a conviction, and testimony is not clearly unbelievable simply because it is uncorroborated or because it has been impeached).

The circuit court's decision regarding the offense of fleeing turned on the weight and credibility of the testimony, matters that were within the province of the court. We thus hold that the circuit court's finding that Morgan violated the condition to not commit any criminal offense punishable by imprisonment was not clearly against the preponderance of the evidence. Because only one violation is required to revoke probation, we need not address Morgan's arguments concerning the remaining violations. *Truitt v. State*, 2015 Ark. App. 276, at 4.

Affirmed.

GLADWIN and KLAPPENBACH, JJ., agree.

*Don R. Etherly*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jospeh Karl Luebke*, Ass't Att'y Gen., for appellee.