Cite as 2026 Ark. App. 22

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-25-102

| | | |
|---|---|---|
| JOSH HURT | | Opinion Delivered January 14, 2026 |
| | APPELLANT | |
| V. | | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. 28CR-20-220] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE MELISSA BRISTOW RICHARDSON, JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**KENNETH S. HIXSON, Judge**

This is a probation-revocation case. On August 10, 2021, appellant Josh Hurt pleaded guilty to possession of methamphetamine or cocaine with purpose to deliver, and he was sentenced to three years in prison followed by a three-year suspended imposition of sentence. Hurt was released on parole on May 19, 2022. On August 24, 2022, the State filed a petition to revoke Hurt's suspended sentence alleging that Hurt had violated the conditions of his suspension by committing multiple drug offenses on July 19, 2022, and that he had also admitted using methamphetamine. On October 16, 2023, the State filed a supplemental petition to revoke alleging, among other things, that Hurt committed multiple drug offenses on September 21, 2023. After a revocation hearing held on July 15, 2024, the trial court found that Hurt had violated the conditions and revoked his suspended sentence. On the

same day, the trial court entered a sentencing order sentencing Hurt to five years in prison. Hurt now appeals from the revocation. We affirm.[1]

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the ground that this appeal is without merit. Counsel's motion was accompanied by a no-merit brief discussing all matters in the record that might arguably support an appeal, including any objections and motions made by appellant and denied by the trial court, and a statement as to why each point raised cannot arguably support an appeal. Hurt was provided with a copy of his counsel's brief and notified of his right to file pro se points for reversal, but he failed to timely file any points.[2]

The conditions of Hurt's suspended sentence prohibited him from committing any criminal offense punishable by imprisonment. In addition, Hurt was ordered not to use, possess, or distribute any controlled substance.

Ethan McGinnis, a parole/probation officer, testified regarding his supervision of Hurt following Hurt's parole release in May 2022. McGinnis stated that on ten occasions between June 13, 2022, and July 31, 2023, Hurt signed written confessions admitting he had used methamphetamine. These written confessions were admitted into evidence at the

---

[1]This is a companion case to two other appeals by Hurt: *Hurt v. State*, 2026 Ark. App. 20, ___ S.W.3d ___, and *Hurt v. State*, 2026 Ark. App. 21, which are revocation cases arising from the same revocation hearing held in this case. Today, we affirmed the revocations in both companion cases.

[2]This court previously denied Hurt's motion to file belated pro se points.

revocation hearing without objection. McGinnis stated that pursuant to policy, he did not drug test Hurt on these occasions because Hurt had admitted his illegal drug use.

McGinnis also testified that Hurt was arrested on two separate occasions for felony drug charges. During a visit to Hurt's home on July 19, 2022, McGinnis found suspected methamphetamine and marijuana along with digital scales, baggies, and a glass pipe. According to McGinnis, Hurt admitted that the alleged drugs and drug paraphernalia belonged to him and said that his wife did not know about it. McGinnis testified that he has knowledge and experience identifying marijuana, and that on the basis of his knowledge and experience, he identified marijuana in Hurt's house that day. The second arrest occurred after a home visit on September 21, 2023, when, during the visit, illegal drugs were found in Hurt's pocket.

Hurt testified on his own behalf. Hurt acknowledged that he signed ten written confessions admitting his methamphetamine use. He stated that, had he been drug tested, he would have tested positive for methamphetamine. Hurt, however, stated that the CIA was dosing him with methamphetamine against his will in what he described as a "3D drug delivery system [that] uses the principles of quantum entanglement." Hurt asserted that he never voluntarily used methamphetamine and stated, "I can prove all this if ya'll would just take me to trial with my other original charges."

At the conclusion of the hearing, the trial court found that Hurt had violated the conditions of his suspended sentence. The trial court specifically found that during the suspension, Hurt confessed to his methamphetamine use ten times. The trial court also

3

found that during the July 2022 home visit, McGinnis saw drugs and drug paraphernalia that Hurt admitted belonged to him.

Arkansas Code Annotated section 16-93-308(d) (Supp. 2023) provides that if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of a suspension, the court may revoke the suspension at any time prior to the expiration of the suspension. The State has the burden of proof but need only prove one violation. *Goode v. State*, 2021 Ark. App. 15. On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *Id* In addition, because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given the testimony, we defer to the trial court's superior position. *Perry v. State*, 2018 Ark. App. 312, 550 S.W.3d 907.

The only adverse ruling below was the revocation itself, and counsel's no-merit brief accurately states that there can be no meritorious challenge to the sufficiency of the evidence supporting the revocation. During the suspension, Hurt signed ten written confessions admitting he had used methamphetamine, which is a violation of the conditions. A defendant's confession that he violated a condition of his suspended sentence is sufficient to support revocation. *Harris v. State*, 2017 Ark. App. 452, 530 S.W.3d 872. Although Hurt testified that this violation was involuntary because he was drugged by the CIA, it was within the trial court's discretion to either accept or reject any excuse for Hunt's noncompliance. *See McGahey v. State*, 2024 Ark. App. 30, 683 S.W.3d 211. Moreover, the trial court is not required to believe the testimony of any witness, particularly the accused, since he or she is

the person most interested in the outcome of the proceedings. *Reed v. State*, 2010 Ark. App. 502. Accordingly, the trial court's decision to revoke Hurt's probation was not clearly against the preponderance of the evidence.

Having reviewed the record and the brief presented, we conclude that there has been compliance with Rule 4-3(b)(1) and that this appeal from the revocation of appellant's suspension is without merit. Consequently, counsel's motion to withdraw is granted, and the revocation is affirmed.

Affirmed; motion to withdraw granted.

WOOD and MURPHY, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.