Cite as 2021 Ark. App. 244

# ARKANSAS COURT OF APPEALS
DIVISION I

**No.** CR–20–116

| | |
|---|---|
| ROBERT SCOTT WILCOX<br><div align="right">APPELLANT</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered** May 19, 2021<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT<br>[NO. 02CR–16–50]<br><br>HONORABLE SAM POPE, JUDGE<br><br>AFFIRMED |

**BRANDON J. HARRISON, Chief Judge**

Robert Wilcox appeals the revocation of his suspended sentence, arguing that the circuit court erred in finding that he committed a new crime of failing to appear and in finding that he failed to pay his fines, fees, and costs. We affirm.

A summary of the case goes as follows.[1] In 2016, Wilcox pleaded guilty to a Class D felony in case No. 02CR–16–50. On 10 September 2019, the State petitioned to revoke Wilcox's suspended sentence in that case. The State alleged the following violations: (1) the commission of "a new criminal act of failure to appear on July 16, 2018"; and (2) the failure to pay fines, costs, and fees as directed. The court held a revocation hearing on 28 October 2019.

---

[1]More details are set out in our previous opinion. *Wilcox v. State*, 2021 Ark. App. 2, 615 S.W.3d 737.

During the October 2019 revocation hearing, the court accepted State's exhibit No. 2, which is a ledger showing that Wilcox owed $660 in fines, costs, and fees in case No. 02CR-16-50. Shannon Sisk, an employee of the Ashley County Sheriff's Office, testified that Wilcox had not paid any money toward his fees, fines, or costs.

Wilcox testified that he had been locked up since 27 July 2019. The prosecuting attorney asked Wilcox, "From the time that you were placed on suspended sentence until that date, did you serve any time locked up?" Wilcox responded that he "was locked up on March 7th on possession of meth and possession of drug paraphernalia" and was imprisoned for four months. He stated that the charges were dismissed around July 6 but that he was incarcerated shortly thereafter. When the prosecutor asked, "How long were you out prior to being locked up again," Wilcox responded, "approximately a year." When asked how long he had been "locked up total," Wilcox said about seven months. More questions were asked of Wilcox:

PROSECUTOR: You just heard the testimony regarding the fees and the costs that you owe. The testimony was that you haven't paid anything.

WILCOX: I was originally released from ADC and sent to Louisiana.

PROSECUTOR: Right.

WILCOX: *I was never aware of these fines.* I've never been told. *I've been incarcerated.* I mean, Eric Thomas used to be my parole officer. I've never—He's never told me nothing about these fines. I've never seen them. I've been incarcerated in Ashley County Jail several times and they've never said nothing to me about these fines, never.

PROSECUTOR: Okay.

WILCOX: I've never seen this. I didn't never know that I had these fines.

2

PROSECUTOR:       Is it true that much of the time that you were on a suspended sentence that you have been locked up?

WILCOX:       Yes, sir, I have.

(Emphasis added.)

In its oral ruling that revoked Wilcox's probation, the court stated that it did not believe anything Wilcox had said. The court concluded that Wilcox had made no payments and had committed the crime of failing to appear, which were violations sufficient to revoke his suspended sentence.

To revoke a suspended sentence, the State must prove by a preponderance of the evidence that the defendant violated a condition of the suspended sentence. *Jones v. State*, 355 Ark. 630, 144 S.W.3d 254 (2004). On review, we will affirm the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id*. Evidence that is insufficient for a criminal conviction may be sufficient for revocation of a suspended sentence. *Id*. Furthermore, we defer to the circuit court's superior position to judge any credibility questions and the weight to be given to the testimony. *Id*. Only one violation is required to sustain a revocation. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490.

Here, Wilcox argues that the circuit court erred in finding that he had inexcusably violated the terms and conditions of his SIS. He says that he offered two reasonable excuses for failing to pay: (1) he was unaware of the payment requirement and (2) he had been incarcerated and was unable to pay the fines and costs. Wilcox also contends that the State failed to prove that he committed a new criminal offense. Therefore, his conviction should be reversed and the case against him dismissed.

Though the record is not a model of clarity, we hold that the circuit court did not err in finding that Wilcox had violated the conditions of his SIS by not making the required payments. Our caselaw holds that after the State has introduced evidence of nonpayment, a defendant must offer some reasonable excuse for failing to pay. *See Hanna v. State*, 2009 Ark. App. 809, 372 S.W.3d 375. In this case, the State introduced evidence of Wilcox's nonpayment through both State's exhibit No. 2 and Deputy Sisk's testimony. This evidence shifted the burden of going forward, also known as the burden of production, to Wilcox. The shifting burden's purpose is to draw out the reason for nonpayment; the defendant may not "sit back and rely totally upon the trial court to make inquiry into his excuse for nonpayment." *Id.* at 5, 372 S.W.3d at 379 (internal citation omitted).

Wilcox told the circuit court that he was "never aware of these fines . . . they've never said nothing to me about these fines, never." But the circuit court rejected the notion that Wilcox was unaware of his obligation to pay as "just false" and "almost perjury." The court minced no words. Having reviewed the record, we agree with the State that the circuit court's rejection of Wilcox's excuse that he was unaware that he had any fines or costs to pay was not clearly against the preponderance of the evidence given the lack of credibility and weight that the circuit court gave to Wilcox's testimony. Moreover, the record contains a written statement of Wilcox's SIS conditions. *See* Ark. Code Ann. § 5-4–303(e)(2) (Supp. 2019). Condition number nine states that Wilcox had an obligation to pay "$165.00 Court Costs, $250 DNA Fee, $125.00 Drug Fee, and $20.00 Booking Fee to

the Sheriff's Office."[2]  Because Wilcox signed the SIS terms that included an obligation to pay the fines and costs, his purported lack of knowledge is not a basis to reverse under our standard of review.

Regarding his second excuse for nonpayment, Wilcox told the court, "I've been incarcerated."  Wilcox's lawyer argued to the circuit court that Wilcox "has been locked up for a substantial amount of time that would prevent him from having any gainful employment to pay those fees."  On this point, his appellant's brief states:

> The State failed to put on sufficient evidence that Wilcox failed to make any good-faith efforts to pay or was not otherwise justified in not doing so by periods of incarceration.  It had the burden of proof.  The State failed to put on any proof except for the simple fact of non-payment, which is insufficient. *Hanna v. State*, 2009 Ark. App. 809, 372 S.W.3d 375.

The problem for Wilcox is that he did not sufficiently explain his "incarceration excuse" to the circuit court.  This record fails under the *Hanna* standard because the testimony Wilcox gave was simply not pointed and clear on when exactly he was incarcerated during the term of his suspended sentence.  He also stated that he did not know he had to pay any fines, which is inconsistent with the argument that he had no ability to pay the court-ordered fines and costs due to being incarcerated.

Only one violation is required to sustain a revocation.  The State sufficiently proved to the circuit court that Wilcox failed to pay his fines, fees, and costs.  Having applied the required standard of appellate review, we affirm the circuit court's decision to revoke.  We

---

[2]Wilcox makes a one-sentence argument that the "SIS conditions were lacking on their face in that they failed to state when the payments were to begin after leaving ADC." We do not address this argument because it is not sufficiently developed and is not supported by a citation to authority.  *See Taylor v. State*, 2010 Ark. 372, 372 S.W.3d 769.

need not and therefore do not address the separate issue of whether the circuit court erred when it found that Wilcox committed a new criminal offense of failing to appear.

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kant G. Holt*, Ass't Att'y Gen., for appellee.