Cite as 2022 Ark. App. 71

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-21-228

| | | |
|---|---|---|
| ERICA KIRBY | | Opinion Delivered FEBRUARY 16, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NOS. 17CR-14-342; 17CR-18-549] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CANDACE A. SETTLE, |
| | APPELLEE | JUDGE |
| | | AFFIRMED IN PART AS MODIFIED; REVERSED AND DISMISSED IN PART |

**ROBERT J. GLADWIN, Judge**

Erica Kirby appeals the October 22, 2020 revocation of her suspended impositions of sentence (SIS) by the Crawford County Circuit Court for which she was sentenced to a total of four years in the Arkansas Department of Correction (ADC) with an additional eight-year SIS. She argues that the circuit court erred by revoking her probation because (1) the State failed to introduce any evidence of the terms of Kirby's SIS at the revocation hearing; and (2) there was insufficient evidence to revoke Kirby's SIS in either of her underlying criminal cases (number 17CR-14-392 or 17CR-18-549) because payment of restitution was not a term of either SIS. We affirm in part as modified and reverse and dismiss in part.

I. *Facts and Procedural History*

On August 18, 2014, Erica Kirby was charged in the Crawford County Circuit Court, case number 17CR-14-392, with one count of theft of property (a Class D felony), in

violation of Ark. Code Ann. § 5-36-103(b)(3)(A) (Supp. 2021). On January 13, 2015, Kirby pled guilty to failure to appear[1] and theft of property, and pursuant to a sentencing order filed on January 29, Kirby was sentenced to two years' incarceration followed by an additional four years' SIS. Pursuant to the express language in the sentencing order, Kirby was also ordered to pay restitution in the amount of $5,000. A document entitled "Plea Agreement Conditions for Suspended Sentence" was filed on January 12, and it sets out the terms and conditions of Kirby's SIS, including the court-ordered restitution. Kirby acknowledged in writing that she had read and understood the conditions of her SIS.

On June 18, 2018, Kirby, was charged in the Crawford County Circuit Court, case number 17CR-18-549, with one count of possession of methamphetamine (a Class D felony), in violation of Ark. Code Ann. § 5-64-419(b)(1)(A) (Supp. 2021), and one count of possession of drug paraphernalia (a Class D felony) in violation of Ark. Code Ann. § 5-64-443(a)(2) (Supp. 2021). On July 11, Kirby pled guilty to both charges, and pursuant to a sentencing order filed on August 3, she was sentenced to two years' incarceration on the possession-of-methamphetamine conviction followed by a four-year SIS. On the possession-of-drug-paraphernalia conviction, she received a six-year SIS. A document titled "Plea Agreement Conditions for Suspended Sentence" was filed on July 18, which sets out the conditions of Kirby's SIS. Kirby acknowledged in writing that she had read and understood

---

[1]A Class C felony, in violation of Ark. Code Ann. § 5-54-120 (Supp. 2021), was added.

the conditions of her SIS. It is undisputed that neither restitution, nor fees, nor costs were ordered in case number 17CR-18-549.

The State filed a joint petition to revoke and show cause on February 13, 2020, in case numbers 17CR-14-392 and 17CR-18-549 asserting that Kirby had not paid her restitution. A hearing on the petition was held on March 10, 2021, during which the State's only witness was Lisa Whetstein, the fine and restitution coordinator at the prosecutor's office. She testified that Kirby's payment ledger indicated that there had been one payment of $500 on March 5, 2021, which was a forfeited bond. Whetstein testified that Kirby never made any other payments and that Kirby's balance at the time of the hearing was $4,750.

The State did not introduce into evidence copies of the terms and conditions of Kirby's SIS in either of the two underlying cases. The State did, however, introduce as an exhibit a circuit court time-payment sheet in case number 17CR-14-392, which established that Kirby had not paid restitution even though the payments had been reduced from $100 a month to $65 a month. Kirby's sole witness at the hearing was her friend, Michael Craig Fisher. He testified that he had made a $250 payment on behalf of Kirby the morning of the hearing.

In light of the testimony and the payment sheet, the circuit court found by a preponderance of the evidence that Kirby had inexcusably violated the terms and conditions of her SIS in both of the underlying cases. No specific term or condition of Kirby's SIS in either case was identified by the circuit court as being violated.

During the sentencing phase, Kirby testified as to why she had been unable to make payments; however, the circuit court sentenced her to four years in the Arkansas Department of Correction with an additional eight years' SIS on all four charges from both underlying criminal cases to run concurrently pursuant to a sentencing order filed on March 12. Kirby filed a timely notice of appeal on March 17.

## II. *Standard of Review and Applicable Law*

To revoke a suspended sentence, the State must prove by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the suspended sentence. *See Wilcox v. State*, 2021 Ark. App. 244, at 3, 624 S.W.3d 353, 355. On review, we will affirm the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* Evidence that is insufficient for a criminal conviction may be sufficient for revocation of a suspended sentence. *Id.* Furthermore, we defer to the circuit court's superior position to judge any credibility questions and the weight to be given to the testimony. *Id.* Only one violation is required to sustain a revocation. *Id.*

## III. *Discussion*

### A. Proof of Terms and Conditions of SIS in Underlying Criminal Cases

This court has held that an argument that the State failed to introduce a copy of the conditions of probation or of an SIS is a procedural objection that must be raised before the circuit court. *Butry-Weston v. State*, 2021 Ark. App. 51, at 5, 616 S.W.3d 685, 689 (citing *Myers v. State*, 2014 Ark. App. 720, 451 S.W.3d 588). We note that an objection was raised several times during the revocation hearing, including the fact that it formed the basis of her

motion for directed verdict. Kirby submits that in order for the circuit court to have found that she failed to comply with a condition of her SIS, it first had to know that she is subject to an SIS as well as the pertinent terms and conditions thereof.

Kirby argues that the State failed to meet its burden of proof that she violated a condition of her SIS because the State did not present any evidence of the terms and conditions of either underlying SIS at the revocation hearing. She notes that the State likewise failed to ask the circuit court to take judicial notice of any specific documents or terms and conditions of either underlying SIS that existed in the record.

During the revocation hearing, the only evidence presented by the State was testimony by Whetstein—that there had been only one $500 payment made—and a copy of the payment ledger was introduced into evidence. Whetstein was not asked if Kirby was behind on payments, the details of the payment schedule, or whether making regular payments was a condition of Kirby's SIS in either of her two underlying criminal cases. At no point did the State refer to a specific term or condition of Kirby's SIS in either of her two underlying criminal cases. Kirby maintains that because the circuit court had no evidence of her SIS before it on which to base its ruling that she had violated the terms and conditions thereof, this court should reverse the revocation of her SIS as it was clearly against the preponderance of the evidence.

We disagree. A court may take judicial notice of its own record in the same case file, specifically, "pleadings upon which it has passed judgment and of those judgments in the particular case then under consideration." *Gray v. State*, 2010 Ark. App. 159, at 5. The circuit

5

court announced at the outset of the revocation hearing that it was proceeding on the petition to revoke in case numbers 17-CR-14-392 and 17-CR-18-549. Each of those case files contained a document titled "Plea Agreement Conditions for Suspended Sentence" as well as the relevant sentencing order. These respective documents contained in each file outlines the applicable sentence, as well as the terms and conditions for the SIS in that particular case, and each has been signed and acknowledged by Kirby. The record before us reflects that the terms and conditions of Kirby's SIS, including restitution, were discussed by the parties before the circuit court, and the circuit court specifically addressed the concept of judicial notice stating: "I do believe that I can take judicial notice of my own record of prior hearings and documents that were before the court." Accordingly, we-hold that-the terms and conditions of Kirby's SIS were properly before the circuit court.

## B. Sufficiency of Evidence Supporting Revocation

Kirby also argues that there was insufficient evidence before the circuit court to support the revocations of her SIS in either of her underlying criminal cases because payment of restitution was not a term of either SIS. If sufficiency of the evidence is the alleged error on appeal, then that error generally may be raised for the first time on appeal. *Butry-Weston*, 2021 Ark. App 51, 616 S.W.3d 685.

To reiterate, the only evidence presented by the State at the revocation hearing was evidence of nonpayment of restitution by Kirby. Although never specifically articulated by the State, it appears that the State's position was that nonpayment of restitution was a

violation of the terms of Kirby's SIS. The circuit court apparently took that position as well, although it never specified in its ruling what term of Kirby's SIS had been violated.

Kirby maintains that because payment of restitution was not a term of either SIS, she cannot have her SIS revoked for nonpayment. She cites *Torres v. State*, 2020 Ark. App. 370, 607 S.W.3d 503, in which this court reversed and dismissed a revocation of probation because the only evidence presented by the State was not found to violate a condition of the appellant's probation. Similarly, Kirby urges that we must hold that there was no evidence presented that she violated any of the terms of either SIS and that we must similarly reverse and dismiss the revocations.

### 1. *Case number 17CR-14-392*

There is a document in the record that purports to set forth the terms and conditions of Kirby's SIS in case number 17CR-14-392 entitled "Plea Agreement Conditions for Suspended Sentence" and page 1 of this document begins with the statement, "Now on this 12th day of January 2015, the defendant having previously entered a plea of not guilty now changes his plea to guilty in consideration for the following agreed sentence." It sets forth the agreed sentence, part of which is $5,000 in restitution that is to be paid at a rate of $100 a month beginning sixty days upon release from incarceration. Page 2 of the document contains a list of conditions and is signed by the circuit judge, and the third and final page of this document is signed and acknowledged by Kirby.

Kirby submits that the terms and conditions of her SIS in case number 17CR-14-392 set out on page 2 are clearly laid out in eight paragraphs, with one additional special

7

condition. She correctly points out that the regular payment of restitution is not enumerated in this list of conditions of Kirby's SIS. Kirby asserts that the only discussion of restitution payments exists on page 1 of this document, which is clearly setting forth the agreed sentence. Kirby urges that her sentence is not the same as the terms and conditions of her SIS, as evidenced by the two distinct sections of the document: the recitation of her sentence on page 1; and the terms and conditions of her SIS on page two.

We disagree. The applicable sentencing order as well as the plea document Kirby signed in case number 17CR-14-392 specifically directed her to pay $5,000 in restitution. In addition, the representative from the prosecutor's office testified that she had with her a payment-ledger page that indicated that Kirby had not paid any restitution at all. That page was admitted at the revocation hearing as State's exhibit 1 without objection. The page indicated that payments of $100 a month were due in case number 17CR-14-392. Other than a forfeited bond that had been applied to the restitution amount, Kirby personally made no payments toward her restitution. Because the State proved by a preponderance of the evidence that restitution was ordered yet never paid in case number 17CR-14-392, the revocation in that case should be affirmed.

That said, there is an illegal-sentence issue that must be corrected as part of our affirming this revocation. Kirby's SIS was revoked on a Class C felony and three Class D felonies—the sentencing range for a Class C felony is three to ten years, and for a Class D felony, no more than six years. Kirby's sentence indicates four years in the ADC and eight years SIS for a total of twelve years. "While a trial court can impose a suspended sentence

for up to the maximum term of imprisonment allowed, when the suspended sentence is combined with a period of imprisonment, the total period of imprisonment is subject to the limitations of section 5-4-401." *Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864. So although we affirm the revocation in case number 17CR-14-392 because the payment of $5,000 in restitution (in $100 monthly installments) is listed in the applicable sentencing order and because the circuit court did not err in finding that the State proved by a preponderance of the evidence that Kirby inexcusably failed to make the court-ordered restitution payments, we hereby modify the sentencing order to reflect four years in the ADC with an additional six years' SIS in order to satisfy the limitations of section 5-4-401.

## 2. *Case number 17CR-18-549*

Because the only evidence presented by the State was evidence of Kirby's nonpayment, it follows that in order to have been found to have violated a term of her SIS, a term or condition of Kirby's SIS in case number 17CR-18-549 also must have related to payment of restitution.

The document in the record that purports to set forth the terms and conditions of Kirby's SIS in case 17CR-18-549 is titled "Plea Agreement Conditions for Suspended Sentence," and page 1 of this document details the agreed sentence. In what purports to be the financial section of the document where any amounts of fines, court costs, or restitution would be set forth, no payments are ordered as a part of the sentence. The document specifically states "waived" after the section that denotes fine and court costs. The document then goes on to provide information about making payments but clearly indicates that the

9

information is applicable only if payments were ordered. Page 2 of this document sets out the conditions of the SIS to be imposed on Kirby, but the regular payment of restitution is *not* therein enumerated. Term 6 specifically addresses financial requirements as is applies to her SIS, and while it does require payments of household expenses and all court-ordered child support, it very clearly does not include payment of restitution. Kirby was not sentenced to any financial obligation in this case. Moreover, a review of the payment ledger introduced as State's exhibit 1 indicates at the top of this document that the payments are associated only with case 17CR-14-392.

The State concedes that because repayment of restitution was not a condition of Kirby's SIS in case number 17CR-18-549, the revocation in that case should be reversed. The conditions of SIS signed by Kirby in case number 17CR-18-549 do not provide for restitution to be paid. In keeping with the lack of ordered restitution in the case, the payment-ledger sheet introduced as State's exhibit 1 reflects only that she owes restitution in case number 17CR-14-392. Because restitution never was ordered in case number 17CR-18-549, the revocation in that case is reversed and dismissed.

Affirmed in part as modified; reversed and dismissed in part.

HARRISON, C.J., and ABRAMSON, J., agree.

*The Hudson Law Firm, PLLC*, by: *Grace Casteel*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Sr. Ass't Att'y Gen., for appellee.