Cite as 2025 Ark. App. 47

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-24-292

| | |
|---|---|
| PAUL BROWN, JR.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered January 29, 2025<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-20-59]<br><br>HONORABLE MICHAEL MEDLOCK, JUDGE<br><br>AFFIRMED |

**CINDY GRACE THYER, Judge**

In this companion case to *Brown v. State*, 2025 Ark. App. 46, ___ S.W.3d ___, (*Brown I*), appellant Paul Brown, Jr., asserts that the Crawford County Circuit Court erred when it revoked his six-year suspended imposition of sentence (SIS). We affirm.

On August 3, 2021, Brown pled guilty to one count of first-degree terroristic threatening in case number 17CR-20-59 and was sentenced to sixty days in the county jail followed by six years' SIS. One of the conditions of his SIS was that he not commit a criminal offense punishable by imprisonment. On July 5, 2023, the State filed a petition to revoke Brown's SIS, alleging that he had committed the new offense of aggravated assault on a family or household member. The aggravated-assault charge was filed in case number 17CR-23-265. Brown was convicted of that charge, and this court's opinion in that case is handed down today in *Brown I*.

Following a jury trial on January 9, 2024, Brown was convicted of aggravated assault in *Brown I*. On March 14, the circuit court held a hearing on the State's petition to revoke in case number 17CR-20-59. The State called no witnesses but introduced a copy of the sentencing order in 17CR-20-59, the terms and conditions of Brown's SIS, and a copy of the sentencing order in *Brown I* reflecting his aggravated-assault conviction. Brown likewise called no witnesses, and the State asked the court to revoke his SIS and sentence him to six years. The court agreed, and a sentencing order reflecting a six-year sentence was entered on March 15, 2024. Brown filed a timely notice of appeal.

Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2021), the burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of his suspension or probation. The State needs to prove only one violation to sustain the revocation. *Wilcox v. State*, 2021 Ark. App. 244, 624 S.W.3d 353. We will not reverse a decision revoking a suspension or probation unless the circuit court's findings are clearly against the preponderance of the evidence. *Palmer v. State*, 2023 Ark. App. 178, 663 S.W.3d 436. This court has held that proof of a new criminal conviction, in the form of a sentencing order, constitutes sufficient evidence to support the revocation of a defendant's SIS. *See Fannin v. State*, 2021 Ark. App. 203, at 5, 624 S.W.3d 727, 730.

In his sole point on appeal, Brown argues that the State's sole basis for its revocation petition was his conviction in *Brown I*, and the only evidence the State offered in support of

its allegation was the sentencing order from that conviction. Because he believes this court should reverse that conviction, he contends his revocation should be reversed as well.

However, because we affirmed his conviction for aggravated assault on a family or household member in *Brown I*, we also affirm the circuit court's decision to revoke since Brown's argument for reversal of the revocation rests solely on the reversal of the aggravated-assault conviction, an occurrence that did not come to pass.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.