Cite as 2024 Ark. App. 489

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-23-803

RODNEY DARRELL MARTIN

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered October 9, 2024

APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT
[NO. 36CR-16-156]

HONORABLE JAMES DUNHAM, JUDGE

AFFIRMED

## STEPHANIE POTTER BARRETT, Judge

Rodney Martin appeals the revocation of his suspended imposition of sentence (SIS) by the Johnson County Circuit Court. His sole argument on appeal is that there was insufficient evidence to revoke his SIS. We affirm the revocation.

On August 11, 2017, Martin entered a negotiated plea of guilty to one count of delivery of methamphetamine and was sentenced to forty-two months' incarceration to be followed by a seventy-two-month SIS. Conditions of Martin's SIS included that he live a law-abiding life and not commit an offense punishable by imprisonment.

The State filed a petition to revoke Martin's SIS on September 26, 2022, alleging, among other things, that he had violated the terms of his SIS because he had failed to live a law-abiding life by conspiring to traffic controlled substances; fleeing in a vehicle or conveyance with substantial danger of causing death or serious physical injury; intimidating

a witness; committing second-degree terroristic threatening and third-degree battery; and failing to appear in court. A hearing on the revocation petition was held on March 9, 2023. Prior to any testimony being taken, the parties entered two stipulated exhibits—the sentencing order in which Martin was placed on SIS and an order in case 24OCR 22-27, filed on July 8, 2022, forfeiting Martin's cash bond when he failed to appear for court.

At the hearing, James Yates testified that he owned a trash-removal service, which included renting trailers and dumpsters to people who needed a large on-site container for trash disposal. In mid-October 2021, Yates delivered one of his trailers, a twenty-six-foot triaxle gooseneck trailer, to a customer's residence for a couple of weeks. Yates testified that the customer called him near the end of October and asked if he had come to get the trailer; when Yates told him no, the customer told Yates that the trailer was gone. The missing trailer was eventually located in some woods with duct tape placed over its reflective tape; the trailer was also missing two ramps and a deep-cell battery.

Paula Kimbriel testified that she managed the Chateau Winery in Altus; that she had known Martin for ten or fifteen years; and that she knew he drove a loud white truck. Kimbriel testified that on October 30, 2021, while she was working in the winery's flowerbeds, she heard a loud vehicle driving at an excessive rate of speed; when she looked up, she saw Martin's truck pulling Yates's trailer. She asserted that she knew the trailer belonged to Yates because she had been with the landowner who had used the trailer several days before it was stolen; she knew the trash that was in the trailer; and that the same trash was still in the trailer that was being pulled by Martin's truck. Although she was unable to

2

see who was driving, Kimbriel stated that she had no doubt that the truck belonged to Martin.

Heather Bonczyk testified that she knew Martin through a mutual friend. She stated that in October 2021, she was with Martin in his white diesel truck when he took the trailer; when Bonczyk asked what was going on, Martin told her to keep her mouth shut. She said that Martin took the trailer to his friend's house and backed it up into the woods where it would be difficult to see. Bonczyk asked Martin again what he was doing, and he again told her to keep her mouth shut.

Bonczyk said that a few weeks later, she spoke to investigators from the Johnson County Sheriff's Office about the trailer incident; she cooperated with the investigation because she was being accused of the theft. She said that in December 2021, she had a conversation with Martin after he learned that she had made a statement to officers about the trailer; she said that he was angry and told her that she "wouldn't make it to the stand"; she took that as a threat—meaning that she would not be at trial to testify. Bonczyk said that not long after Martin made that statement, she was staying at Martin's house, and he "head butted" her, breaking her nose, after another woman accused Bonczyk of stealing money from her purse. Bonczyk had received phone calls from third parties she did not recognize warning her not to testify against Martin in court, and she did not want to testify against Martin because she was afraid of what might happen to her.

Officer Bailey Hunstable of the Coal Hill Police Department testified that on the afternoon of June 14, 2022, he unsuccessfully attempted to stop a speeding motorcycle that

was reaching speeds of over ninety miles an hour in a twenty-five-mile-an-hour zone. When he found the motorcycle, it had been wrecked, and the driver was gone, but ten to twenty feet from the wreck location, he found an open lockbox containing digital scales and a glass smoking apparatus as well as a cell phone. The cell phone was unlocked, and it had Martin's name, picture, and email address displayed. Officer Hunstable testified that while authorities were searching for the driver, messages began coming in on the cell phone from a contact labeled "Shhh," trying to arrange to meet the phone's owner. Officer Hunstable responded to the messages and arranged to meet the person, later identified as Shannon Barkley-Frantz, at Westside High School. According to Officer Hunstable, Barkley-Frantz told him that she was there to meet "Darrell" for an exchange of drugs and money and that the drugs were in the glove box; she removed a large package wrapped in black electrical tape from the glove box and handed it to him; after the electrical tape had been removed, a transparent bag filled with what was later determined to be 450 grams of methamphetamine was revealed.

Barkley-Frantz testified that she was originally charged with trafficking methamphetamine, a Class Y felony, but the State had offered her probation and a fine on a reduced charge of possession of methamphetamine, a Class B felony, in exchange for her testimony against Martin at his criminal trial and at his revocation hearing. Barkley-Frantz testified that she had known Martin for six or seven years; that on June 14, 2022, she was asked by a mutual friend to deliver a package to Martin; and that, while she did not know the package contained methamphetamine, in hindsight, she should have known. She

testified that she was told to contact Martin about where to meet; she texted the number she was given, and she was told to go to Westside High School; but instead of Martin, she was met by Officer Hunstable and other officers. She first told Officer Hunstable that she was supposed to deliver a package to a friend, but she then turned the methamphetamine over to Officer Hunstable.

The circuit court revoked Martin's SIS, finding that it was more likely than not Martin had committed the offenses of conspiracy to traffic controlled substances, fleeing, intimidating a witness, terroristic threatening, third-degree battery, and failure to appear, which was demonstrated by State's exhibit 2. The circuit court sentenced Martin to fourteen years in the Arkansas Division of Correction to be followed by an additional thirty months of SIS.

In revocation proceedings, the State has the burden of proving that an appellant violated the terms of his suspended sentence, as alleged in the revocation petition, by a preponderance of the evidence; we will not reverse the circuit court's revocation decision unless it is clearly against the preponderance of the evidence. *Hernandez v. State*, 2024 Ark. App. 14. The State is required to show that the appellant committed only one violation in order to sustain a revocation. *Id.* We defer to the circuit court on matters of credibility and the weight of the evidence. *Id.* Evidence that is insufficient for a criminal conviction may be sufficient for revocation of a suspended sentence. *Morgan v. State*, 2024 Ark. App. 416.

On appeal, Martin argues that the State's evidence was insufficient to prove that he was the person driving the motorcycle or that he had threatened Bonczyk after she spoke to

law enforcement officers about Martin's stealing James Yates's trailer. However, Martin does not challenge the circuit court's alternative bases for revocation—his failure to appear or Bonczyk's testimony that Martin "head butted" her, breaking her nose, after she was accused of stealing money from another woman's purse. These unchallenged bases for revocation allow us to affirm the circuit court's decision without addressing the merits of Martin's arguments. *McClain v. State*, 2016 Ark. App. 205, 489 S.W.3d 179 (holding that failure to challenge alternative bases for revocation is sufficient to affirm). Nevertheless, Bonczyk testified that Martin had told her that she would not make it to the stand to testify about the trailer theft; although Martin attacks the credibility of her testimony, that determination was for the circuit court, not this court, and it is sufficient to affirm the revocation.

Affirmed.

WOOD and HIXSON, JJ., agree.

*Omar F. Greene*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.