Cite as 2024 Ark. App. 436

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-23-789

| | | |
|---|---|---|
| DONNELL THOMAS | | |
| | APPELLANT | Opinion Delivered September 18, 2024 |
| V. | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-18-116] |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

The Jefferson County Circuit Court revoked appellant Donnell Thomas's suspended imposition of sentence and sentenced him to six years' imprisonment. On appeal, Thomas challenges the sufficiency of the evidence supporting the revocation. We affirm.

In August 2018, Thomas pleaded guilty to aggravated assault on a family or household member, first-degree terroristic threatening, and possession of a firearm by certain persons in case number 35CR-18-116. He was sentenced to seventy-two months' suspended imposition of sentence conditioned on his obeying all federal and state laws. He was further forbidden to possess or be in the company of someone possessing a gun.

In 2020, Thomas was charged in Jefferson County with third-degree domestic battering (second offense) in case number 35CR-20-470. As a result of the new charge, the State petitioned the circuit court to revoke his suspended sentence in 35CR-18-116. In 2023,

while the revocation in 35CR-18-116 was pending, Thomas was charged in the Jefferson County Circuit Court with three counts of aggravated assault, two counts of terroristic threatening, and two counts of possession of firearms by certain persons in case number 35CR-23-43. The State filed a supplemental revocation in 35CR-18-116, alleging that Thomas had violated additional terms of his suspended sentence by committing the crimes alleged in case number 35CR-23-43.

A revocation hearing was conducted on August 6, 2023, and concerning the charges in 35CR-23-43, the testimony established the following. On November 12, 2022, Officers Tiffany Wood and Britta Funderburg of the Pine Bluff Police Department responded to a call from Willie Cotton at 109 Friendswood regarding gunshots in the area between the hours of 2:00 a.m. and 4:00 a.m. Wood said that as she was talking with Cotton, Thomas's door was wide open, and she saw him walking around inside his house at 110 Friendswood. Thomas stepped outside, and as Wood and Funderburg approached him to speak with him about Cotton's report of gunshots, they saw that he had a black pistol. The officers directed him to put the gun down, but he refused. He then began to step inside his residence, aimed the gun at the officers, and threatened to shoot them if they stepped on his property.

Both Wood and Funderburg identified Thomas as the man from the incident.

Detective Lesquinicia Smith also testified that she conducted a search warrant at Thomas's reported address on November 28 as a result of the November 12 incident. Thomas was not at the residence during the search, but his friend was present and directed Smith to Thomas's room. During the search, she located spent shell casings, holsters,

2

cartridges, and bullets. She did not locate a gun, but Thomas's friend told her that he had seen Thomas with a gun recently.

At the conclusion of the hearing, the court found that Thomas inexcusably violated the conditions of his SIS. His SIS was revoked, and he was sentenced to six years in the Arkansas Division of Correction on the original charge. Thomas filed a timely notice of appeal.

To revoke probation or an SIS, the burden is on the State to prove the violation of a condition of the probation or SIS by a preponderance of the evidence. *Jones v. State*, 355 Ark. 630, 144 S.W.3d 254 (2004). Because the burden of proof is by a preponderance of the evidence rather than beyond a reasonable doubt, evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Id.*

The circuit court did not err in finding that Thomas inexcusably violated the condition of his SIS that required he not commit any crimes.[1] Due to the November 12 incident, Thomas was charged with three counts of aggravated assault, two counts of terroristic threatening, and two counts of possession of firearms by certain persons.

A person commits terroristic threatening in violation of Arkansas Code Annotated section 5-13-301(a)(1)(A) (Supp. 2021) if, "[w]ith the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage

---

[1]The State contends that we need not address Thomas's arguments because he failed to challenge the proof of all Thomas's charges. We disagree and hold that Thomas's argument generally addressed all the charges, thereby preserving his argument.

to another person." The conduct prohibited by the terroristic-threatening statute "is the communication of the threat with the purpose of terrorizing another. It is not necessary that the recipient of the threat actually be terrorized." *Pinney v. State*, 2020 Ark. App. 467, at 5, 609 S.W.3d 671, 676. The intent to terrorize is the intent "to fill the victim with intense fright." *Id.* at 5–6, 609 S.W.3d at 676.

The evidence demonstrated that both officers identified Thomas at the hearing as the man who pointed his gun toward them the night of the incident. Both directed him to put his gun down, but he ignored their request and stated he would shoot them if they came onto his property. Wood testified she felt she was in danger, she immediately attempted to notify her supervisor of the situation, and she drew her own weapon.

Thomas attempts to question Wood's and Funderburg's in-court identification of him: he claims it was highly suggestive; he questions the credibility of their testimony because the incident occurred nine months earlier; and at the time of the incident, Thomas was wearing a hoodie and it was dark outside. When a witness makes a positive identification of a subject, however, any challenge to the reliability of the identification becomes a matter of credibility for the fact-finder to determine. *Green v. State*, 2024 Ark. App. 126, at 7, 685 S.W.3d 294, 299. Thomas's argument on appeal essentially asks this court to reject the court's credibility determination and find the officers' testimony unreliable, which, of course, we do not do. *See Shoulders v. State*, 2020 Ark. App. 235, 598 S.W.3d 77. Given the lower preponderance-of-the-evidence standard applicable in revocation proceedings, we find

4

no error with the circuit court's conclusion that Thomas violated the terms and conditions of his SIS.

Because proof of just one violation of the probation terms and conditions is sufficient to support revocation, we affirm.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Erin W. Lewis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.