Cite as 2025 Ark. App. 22

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-23-408

| | |
|---|---|
| CRYSTAL REID<br><br>APPELLANT<br><br>V.<br><br>MILLER AG LEVELING, LLC<br>APPELLEE | Opinion Delivered January 22, 2025<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-20-653]<br><br>HONORABLE ROBERT H. WYATT JR., JUDGE<br><br>REVERSED AND REMANDED |

**RAYMOND R. ABRAMSON, Judge**

Crystal Reid appeals the Jefferson County Circuit Court order granting summary judgment in favor of Miller Ag Leveling, LLC (Miller Ag). On appeal, Reid argues that the circuit court erred by finding that no genuine issues of material fact existed on Miller Ag's claim and her counterclaims. We reverse and remand.

Miller Ag is an agricultural land-leveling company, and its owner is Brandon Miller. Reid owns a 150-acre farm in Jefferson County. On October 2, 2020, Miller Ag filed a complaint against Reid alleging that she had breached an oral agreement to pay for its services. Miller Ag attached Brandon Miller's affidavit stating that Reid owed Miller Ag $86,181.63.

On December 31, Reid answered and counterclaimed for breach of contract, fraud, and negligence. She asserted that Miller Ag had agreed to perform land-leveling, irrigation,

and drainage services on her farm pursuant to the specifications of a United States Department of Agriculture, Natural Resources Conservation Service (NRCS) Environmental Quality Incentives Program (EQIP) contract. Reid claimed, however, that Miller Ag failed to follow NRCS specifications and performed incorrect, defective, and faulty work. She specifically alleged that Miller Ag did not order the correct pipe required for her contract and charged the pipe to her name.

On January 29, 2021, Miller Ag answered the counterclaims, and it admitted that it entered into an oral agreement with Reid to perform land-leveling services pursuant to the NRCS standards and specifications. It also admitted that it ordered and charged a pipe to Reid as she directed.

On February 1, 2022, Miller Ag amended its complaint and alleged damages of $100,272.96. Miller Ag attached an invoice and Brandon Miller's affidavit stating the amount owed.

On February 22, Reid answered the amended complaint, reasserted her counterclaims, and included the alternative theory of unjust enrichment.

On March 8, Miller Ag moved to dismiss Reid's counterclaims because she had not attached the EQIP contract to her pleading. Miller Ag also amended its answer, and it admitted that it had entered into an oral agreement with Reid, not NRCS, to perform land-leveling services. Miller Ag also denied installing pipe on Reid's property.

On March 17, Reid amended her answer and counterclaims and attached the EQIP contract and conservation plan. In the EQIP contract, Reid agreed to implement and

maintain specific conservation practices on her farm as set forth in a conservation plan, and NRCS agreed to pay Reid $96,354. The conservation plan includes land-leveling for irrigation and the installation of water-control structures.

On October 11, Miller Ag moved for summary judgment on its breach-of-contract claim and on Reid's counterclaims. For its contract claim, Miller Ag argued that the undisputed evidence showed that it entered into an agreement with Miller Ag to perform land-leveling services on Reid's property in exchange for payment, that Miller Ag performed the services, and that Reid did not pay Miller Ag for the services.

As to the counterclaims, Miller Ag argued that the claims fail because the undisputed evidence shows that Miller Ag was not a party to the EQIP contract and thus was not obligated to meet the NRCS standards and specifications. It also argued that text messages show that Reid directed Brandon Miller to order pipes in her name.

Miller Ag attached copies of the electronic messages as well as Brandon Miller's affidavit stating that he performed land-leveling services on Reid's property as agreed and that Reid did not pay him for the services totaling $100,272.96.

On November 4, Reid opposed Miller Ag's summary-judgment motion. She argued that Miller Ag expressed extensive knowledge about NRCS standards and specifications, that Miller Ag performed faulty service, and that the NRCS refused to release the incentive due to the substandard work. She attached several documents to her response.

The attachments included copies of text messages between Brandon Miller and Reid's daughter discussing the order and installation of pipes and risers. Reid also attached an

3

affidavit stating that Miller Ag performed activities that "were not approved or agreed upon," stating that Miller Ag's services "exceeded their scope of work and the work performed was incorrect," and disputing the amount owed to Miller Ag. She attached multiple invoices from Miller Ag with different amounts due.

Reid additionally attached a July 19, 2021 proposal letter from the NRCS to Reid (the NRCS proposal letter). The NRCS proposal letter is eight pages and recounts NRCS's investigation of Reid's dissatisfaction with the land-leveling and drainage work completed on her farm pursuant to the EQIP contract. The NRCS proposal letter explains that through the investigation, multiple NRCS planning errors were discovered, and it details its response to the discovered errors, which included site visits. The NRCS proposal letter concluded that

> [a]fter extensive technical review of the land leveling work, it was determined that the land leveling work meets NRCS basic standards and specifications and could be certified for payment. NRCS has also reviewed the structures for water control, as installed, and found that the contractor did not utilize an NRCS approved design for installation, and none of the installed structures meet NRCS standards and specifications and will be required to be reworked. The existing material can be paid through the existing EQIP contract via a proposed modification, and the rework will be completed through the proposed Federal contract.

The NRCS proposal letter outlined specific recommendations to correct the land-leveling and drainage issues, and it offered to modify Reid's EQIP contract to include those recommendations. The NRCS proposal letter noted that no payments had been made under the EQIP contract, and it offered to adjust the incentive from $96,345 to $231,935.18, which included payments for forgone income for crops, for unexpected out-of-pocket expenses associated with a land-leveling design change, and for plastic pipes that were

4

installed incorrectly. The NRCS proposal letter further offered to execute a federal contract to complete its recommendations for the additional work.

On December 6, Miller Ag replied to Reid's response to its summary-judgment motion. It argued that the NRCS proposal letter established that its services met NRCS specifications and that any issues with the work resulted from NRCS planning errors, not Miller Ag.

On March 3, 2023, the court held a hearing,[1] and on March 8, the court entered an order finding there were no genuine issues of material fact and granting Miller Ag's summary-judgment motion in its entirety. The court also found that Miller Ag was entitled to attorney's fees.

On March 22, the court entered an amended judgment awarding Miller Ag $100,272.96 as of January 31, 2022, and awarding Miller Ag $19,264.50 in attorney's fees. Reid appealed.

Our summary-judgment standard is well settled. Summary judgment may be granted only when there are no genuine issues of material fact to be litigated. *Greenlee v. J.B. Hunt Transp. Servs., Inc.*, 2009 Ark. 506, 342 S.W.3d 274. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *McGrew v. Farm Bureau Mut. Ins. Co. of Ark.*, 371 Ark. 567, 268 S.W.3d 890 (2007).

---

[1]At the hearing, the parties informed the court that they had not conducted discovery.

Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Greenlee*, 2009 Ark. 506, 342 S.W.3d 274. On appellate review, this court determines if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings but also on the affidavits and other documents filed by the parties. *Id.* As to issues of law presented, our review is de novo. *State v. Cassell*, 2013 Ark. 221, 427 S.W.3d 663.

On appeal, Reid first argues that the circuit court erred by granting summary judgment on Miller Ag's contract claim and her contract counterclaim because disputed facts exist over the agreement terms and whether Miller Ag breached those terms. Specifically, Reid asserts that she offered evidence that Miller Ag agreed to comply with NRCS standards and specifications as well as evidence that Miller Ag's services did not substantially comply with those standards and specifications.

Miller Ag responds that whether it agreed to perform its work pursuant to NRCS standards and specifications is an immaterial fact because the NRCS proposal letter shows that its land-leveling services substantially complied with NRCS standards and specifications. Miller Ag also claims that the NRCS proposal letter demonstrates that any problems resulted from NRCS planning errors, not Miller Ag's faulty work.

Viewing the evidence in the light most favorable to Reid, we agree with Reid and hold that genuine issues of material fact preclude summary judgment on the contract claim and counterclaim. When performance of a duty under a contract is contemplated, any nonperformance of that duty is a breach. *Roberts Contracting Co. v. Valentine-Wooten Rd. Pub. Facility Bd.*, 2009 Ark. App. 437, 320 S.W.3d 1. If omissions or deviations from the contract are inadvertent or unintentional; are not due to bad faith; do not impair the structure as a whole; and are remediable without doing material damage, substantial performance permits the contractor to be compensated with deductions from the contract price. *Id.* The issue of substantial performance, however, is a question of fact. *Id.*

Here, although the NRCS proposal letter shows that Miller Ag's land-leveling services meet NRCS standards and specifications, the NRCS also determined that the water-control structures do not meet NRCS standards and specifications. It noted that the contractor did not utilize an NRCS-approved design for installation of the water-control structures, and it concluded that the structures need to be reworked. As to Miller Ag's assertion that the NRCS proposal letter attributes fault to NRCS, the issue of Miller Ag's substantial performance is a question of fact.

Miller Ag's denial that it agreed to install the water-control structures on Reid's property conflicts with Reid's assertion to the contrary. When the evidence is in conflict on the agreement terms, a question arises for the fact-finder. *Grayson & Grayson, P.A. v. Couch*, 2012 Ark. App. 20, 388 S.W.3d 96. Miller Ag admits on appeal that it "went above and beyond what was required of it by assisting Reid with other matters concerning her land and

7

the NRCS contract." Reid further provided the NRCS proposal letter, which states that the contractor installed the water-control structures, and she offered text messages from Brandon Miller to Reid's daughter about Miller Ag's ordering and installing pipes and risers.

Reid next argues that the circuit court erred by granting summary judgment to Miller Ag on her negligence counterclaim because disputed material facts exist over whether their agreement imposed a duty on Miller Ag to comply with NRCS standards and specifications.[2] Miller Ag again responds that the disputed fact is immaterial because the NRCS proposal letter shows that its land-leveling services met NRCS standards and specifications. We again agree with Reid. The NRCS proposal letter states that the water-control structures do not meet NRCS standards and specifications.

Reid additionally argues that the circuit court erred by granting summary judgment in favor of Miller Ag on her fraud counterclaim because disputed material facts exist over whether Miller Ag made false representations that its services would and did comply with NRCS standards and specifications. She also claims that Miller Ag committed fraud when it mispresented that it had the authority to order pipes not compliant with NRCS standards and specifications. Miller Ag again responds that the evidence is undisputed that its work

---

[2]Miller Ag does not dispute that a contract term could create a duty of care. *See Tackett v. Merch.'s Sec. Patrol*, 73 Ark. App. 358, 44 S.W.3d 349 (2001) (stating that a duty of care may arise out of a contractual relationship between two parties); *see also* 1 Howard W. Brill & Christian H. Brill, *Arkansas Law of Damages* § 4:2 (6th ed. 2014) ("[A] negligence claim may arise out of the duties set forth in a contract.").

complied with the NRCS standards and specifications as stated in the NRCS proposal letter.[3]

As we have already stated, the NRCS proposal letter states that the water-control structures

do not comply with NRCS standards and specifications.[4]

Reid's final argument is that the circuit court erred by awarding Miller Ag

$100,272.96 in damages because disputed facts remain regarding the amount. Because we

reverse summary judgment on Miller Ag's contract claim, the damages award is also reversed.

Reversed and remanded.

GLADWIN and THYER, JJ., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *Tasha C.*

*Taylor*, for appellant.

*Ramsay, Bridgforth, Robinson & Raley, LLP*, by: *Autumn Clark Boatright*, for appellee.

---

[3]On this point, Miller Ag also asserts that Reid proffered no evidence that Miller Ag represented that it would perform services pursuant to NRCS standards and specifications. We note that in Miller Ag's January 29, 2021 answer, it admitted that it entered into an oral agreement with Reid to perform land-leveling services pursuant to the NRCS standards and specifications.

[4]Miller Ag also claims that summary judgment is proper on its claim and Reid's counterclaims because the NRCS proposal letter demonstrates that Reid suffered no damages due to the increased incentive. However, Miller Ag did not move for summary judgment on this basis. *J-McDaniel Constr. Co. v. Dale E. Peters Plumbing Ltd.*, 2014 Ark. 282, 436 S.W.3d 458. Moreover, on appeal, Miller Ag fails to develop this argument or to cite any authority on damages for contract, negligence, or fraud. *Id.* We will not develop an issue for a party at the appellate level. *Alexander v. McEwen*, 367 Ark. 241, 239 S.W.3d 519 (2006).