Cite as 2026 Ark. App. 20

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-25-100

| | |
|---|---|
| JOSH HURT<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered January 14, 2026<br><br>APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. 28CR-16-36]<br><br>HONORABLE MELISSA BRISTOW RICHARDSON, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**WENDY SCHOLTENS WOOD, Judge**

Josh Hurt appeals the Greene County Circuit Court's sentencing order revoking his suspended imposition of sentence ("SIS") and sentencing him to five years' imprisonment.[1] Pursuant to Arkansas Supreme Court Rule 4-3(b) (2024) and *Anders v. California*, 386 U.S. 738 (1967), Hurt's counsel has filed a motion to withdraw and a no-merit brief stating that there are no meritorious grounds to support an appeal. The clerk of this court mailed a certified copy of counsel's motion and brief to Hurt, informing him of his right to file pro

---

[1]This is a companion case to *Hurt v. State*, 2025 Ark. App. 21, and *Hurt v. State*, 2025 Ark. App. 22, no-merit appeals from the revocation of Hurt's suspended sentences in case numbers CR-25-101 and CR-25-102, also handed down today. The circuit court held one revocation hearing on the State's petitions in the three cases.

se points for reversal; he has filed pro se points. The State has filed a brief in response to Hurt's pro se points. We affirm the revocation and grant counsel's motion to withdraw.

## I. *Statement of the Case*

In March 2016, Hurt pled guilty to Class C felony possession of methamphetamine and Class D felony tampering with physical evidence and was sentenced to sixty months' probation on each count. His probation was revoked in an amended sentencing order entered August 16, 2021, and he was again sentenced on the underlying felonies, this time to three years' imprisonment followed by three years' SIS on each count. The terms of his SIS included the requirements that Hurt not "use, sell, distribute or possess any controlled substance." He was released from prison and began serving his suspended sentences on May 19, 2022.

On August 24, 2022, the State petitioned to revoke Hurt's SIS, alleging that in July 2022, he had violated the terms and conditions of his SIS by possessing controlled substances with the purpose to deliver, possessing drug paraphernalia, and admitting to the use of methamphetamine. On October 16, 2023, the State filed a supplemental petition to revoke, adding the allegations that in June 2023, Hurt had committed the misdemeanor offense of disorderly conduct, and in September 2023, he had committed the offenses of possession of controlled substances and drug paraphernalia and had associated with a convicted felon.

The circuit court held a revocation hearing on July 15, 2024, and, at the conclusion of the hearing, found that Hurt had violated the terms and conditions of his SIS by using and possessing methamphetamine. The court revoked his SIS for the Class C possession-of-

methamphetamine conviction. In a sentencing order entered the same day, the court sentenced Hurt to five years' imprisonment.

## II. *Adverse Ruling*

Rule 4-3(b)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record. Ark. Sup. Ct. R. 4-3(b)(1).

The only adverse ruling in this case is the circuit court's revocation of Hurt's SIS. To revoke an SIS, the burden is on the State to prove the violation of a condition of the SIS by a preponderance of the evidence. *Thomas v. State*, 2024 Ark. App. 436, at 3, 698 S.W.3d 665, 667. Because the burden of proof is by a preponderance of the evidence rather than beyond a reasonable doubt, evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Id.*, 698 S.W.3d at 667. The State bears the burden of proof but need only prove one violation. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154.

At the revocation hearing, Agent Ethan McGinnis, Hurt's parole supervisor, testified that Hurt had confessed to using methamphetamine on ten separate occasions while he was serving his suspended sentence. Hurt's signed confessions were introduced into evidence

3

without objection. Agent McGinnis also testified about two home visits he had conducted—one in 2022 and one in September 2023—during which Hurt's home was searched and methamphetamine was discovered.

Hurt admitted at the revocation hearing that he had signed the ten confessions and that they were true. He also admitted having told Agent McGinnis that he would fail drug tests for methamphetamine. However, Hurt explained that the CIA had drugged him with the methamphetamine through a "3D drug delivery system [that] uses the principles of quantum entanglement."

The court revoked Hurt's SIS on the basis of Hurt's use of methamphetamine. The court specifically relied on Agent McGinnis's testimony and Hurt's admission at the hearing that Hurt had used methamphetamine and had signed the ten confessions. We defer to the circuit court's superior position for assessing questions of credibility and the weight to be given to testimony. *Carter v. State*, 2025 Ark. App. 9, at 6, 703 S.W.3d 564, 568. Considering this deference and our review of the record, we agree with counsel that there would be no merit to an appeal of the sufficiency of the evidence supporting Hurt's revocation.

### III. *Pro Se Points*

We now turn to Hurt's pro se points for reversal. He contends that the evidence is insufficient to support the revocation because the underlying July 2022 drug charges were nolle prossed, eight of his ten confessions to methamphetamine use were inadmissible, and the disorderly-conduct offense was inadmissible. However, as stated, Hurt testified at the hearing that he used methamphetamine while he was serving his suspended sentence, and

4

he admits that two of the ten confessions were admissible. This is sufficient to support his revocation. *Harris v. State*, 2017 Ark. App. 452, at 5, 530 S.W.3d 872, 875 (holding that a defendant's confession to a violation is sufficient to support revocation). Next, Hurt argues that the transcript was altered, his attorney rendered ineffective assistance of counsel, and his right to due process was violated by the circuit court and the "CIA." These arguments are conclusory, and none of them were raised, developed, or ruled on by the circuit court. Thus, they are not preserved, and none supports a meritorious ground for reversal. *Haney v. State*, 2020 Ark. App. 341, at 8, 602 S.W.3d 154, 159.

From our review of the record and the brief presented, we hold that counsel has complied with Rule 4-3(b) and that the appeal is without merit. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HIXSON and MURPHY, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.